FILED

1   Kevin Quillinan                                                                    pro se
    PO. Box 9092 Berkeley, CA. 94709
2   Cell: 510 495 9722
    danlaw46@gmail.com
3

4

5

6                    **IN THE UNITED STATES DISTRICT COURT**
                  **FOR THE NORTHERN DISTRICT OF CALIFORNIA**
7                                **San Francisco**

8                                                            C17 - 0077

9   KEVIN QUILLINAN.                          Case No:

10                                            **COMPLAINT FOR DAMAGES**
                       Plaintiff
11                                            **RACKETEER INFLUENCED**
                                              **CORRUPT ORGANIZATION**
12  vs.
                                              **CIVIL ACTION UNDER (RICO)**
13  RUSSELL AINSWORTH. ARI LEVY,
    DANIEL BORNSTEIN, MATT ESTEP,                   **18 U.S.C. 1961 et seq., and:**
14  ABIGAIL BORNSTEIN, DANIEL CHEUNG.
    DANIEL FINEMAN, TYLER FORMAN.            **INJUNCTIVE RELIEF**
15  JOEL FELDMAN, BRUCE GOLDSTONE,
    DEIDRA MAE HARPER. JON LOEVY,                   **Pursuant to 18 U.S.C. 1964(a)**
16  GOSPA LUCIK, TERAH OLSON.
    DIANNE MURPHY, JOSEPH JANSSEN,
17  MICHAEL KANOVITZ. GAVIN KOGAN,           **JURY TRIAL REQUESTED**
    JEFFERY GILLES. ASHLEY PETERSON.
18  ERVIN YOCUM, RICHARD SILVERSTEIN.
    MIKE WILLIAMS, DENNIS THOMPSON.
19  ANDREW THAYER, NANCY SNIDER.
    ROBERT WEAKLEY, MARK AINSWORTH.
20  ZIVORAD ZIVANOVIC. PAUL HENDERSON
    MARTIN SCHNEIDER.BENJAMIN KOVLER
21  DIMITRY SHKOLNIKOV, MANUEL PEREZ,
    BEEHIVE DISTRIBUTOR,
22  BEEHIVE DISTRIBUTION, INC.,
    THIRD COAST INC., BAY PROPERTY
23  GROUP, LEGAL ONE REALTY.
    SRG ENZO I LLC., SRG ENZO II LLC.,
24  TIDEWATER TRANSPORTER INC.,
    DIVERSIFIED STORAGE SOLUTIONS,
25  Z-SQUARE, Z-SQUARE PROPERTIES CO. .
    WES-CO INC. SRG 414 LESSER LLC.,
26  SILVERSTEIN REALTY GROUP LLC.,
    SRG MANAGER LLC., THREE NYMPHS
27  SUNSHINE PRODUCE. EMF WEST INC..
    BIG SHOULDERS WEST.
28  OAKLAND MANAGER LLC.,
    KEYPOINT CREDIT UNION.
    TD SERVICE COMPANY OF ARIZONA.

CIVIL RICO-COMPLAINT FOR DAMAGES

18 U.S.C. 1961

OAKLAND 1852, 710 COMBINATOR CO.,
TOP SHELF MEDICINALS,
CYPRESS MANUFACTURING CO.
EFFINGHAM MEDICINAL FARMS LLC.,
HAYDEN MANAGER LLC.,
GREEN THUMB INDUSTRIES,
GTI-CLINIC ILLINOIS HOLDINGS,LLC.,
GTI II LLC.,GTI INVESTORS, LLC.,
GTI MUNDELEIN, LLC., GTI ROCK
ISLAND, LLC., GTI ROCK ISLAND
PARTNERS, LLC., GRUPO FLOR CORP.,
GTI MUNDELEIN PARTNERS, LLC.,
THE CLINIC MUNDELEIN,
INDUS HOLDING COMPANY,
JESSIE STREET COLLECTIVE, LLC.,
and DOES 1 through 100 INCLUSIVE,

Defendants.

# COMPLAINT

Plaintiff Kevin Quillinan files this suit to vindicate the federal laws prohibiting the cultivation and sale of recreational and/or medicinal marijuana and his rights under the Racketeer Influenced and Corrupt Organizations Act ("RICO"). Plaintiff and his wife are small business persons that suffered injury to their business and property caused by the operations of defendants in the warehouse where plaintiffs had stored their business and personal property, when defendants began a course of conduct designed to empty the warehouse of all existing tenants in order to substantially increase an already existing marijuana growing operation in the warehouse, begun by defendants Dennis Thompson and Zivorad Zivanovic.

Defendants identified in the caption of this complaint, and all other yet to be discovered DOES defendants, conspired each with the other to further the collective efforts of all defendants to commence large-scale cultivation and distribution of marijuana and cannabis infused food products in both California and Illinois.

Defendants beginning on or about sometime in 2012-13, initiated a long term far reaching conspiracy to cultivate marijuana from a cultivation facility in Edgewood Illinois and the warehouse located at 414 Lesser Street in Oakland California, (hereafter "warehouse" or " Oakland warehouse"), and to distribute marijuana and cannabis infused food products and cannabis distillations of various types, from the distribution facility named the Clinic Effingham, located at 1011 Ford Avenue in Effingham Illinois, and the Oakland warehouse. Several of the defendants are also either indirect or direct investors and/or partners in several other ongoing illegal cannabis cultivation and/or distribution facilities in Illinois, too numerous to mention in this complaint prior to discovery. Plaintiff alleges on belief that it is the defendant's collective intent to conspire to establish far reaching interstate transportation and distribution of illegal cannabis products nationwide, with such products being provided by their illegal cultivation facilities currently located in California and Illinois. To that end, plaintiff alleges that defendants seek to purchase and develop land and/or buildings as either cultivation and/or distribution facilities that are located within a few thousand feet, or within 1,000 feet of major interstate

1 | highways and/or truck loading and offloading facilities and/or truck stops.

2 |       RICO requires those who engage in racketeering activity-including the commercial

3 | production and sale of recreational and/or medicinal marijuana to pay their victims treble

4 | damages, costs, and attorneys' fees. Under RICO, SRG and those who conspired with SRG to

5 | violate the federal marijuana laws are jointly and severally liable for plaintiff's injuries.

6 |       Plaintiff also *especially* seeks an injunction under  18 U.S.C. § 1964 (a) directing all the

7 | defendant business entities and individual defendants to CEASE and DESIST from cultivating

8 | and/or distributing illegal marijuana and/or cannabis derived products; all DOES natural person

9 | defendants; to CEASE and DESIST from illegally cultivating and/or distributing marijuana; all

10 | named and DOES financial institution defendants To CEASE and DESIST providing funds

11 | loans, and/or investing in illegal marijuana cultivation and/or distribution operations/enterprises,

12 | all in violation of the Controlled Substances Act.

13 |       Plaintiff requests a jury trial in this matter.

14 |

15 |       WHEREFORE, Plaintiff  requests relief as more fully set forth below.

16 |

17 |

18 |

19 |

20 |

21 |

22 |

23 |

24 |

25 |

26 |

27 |

28 |

# I.

# INTRODUCTION

1.       It is a firmly established bedrock principle of the United States Constitution that federal law is the supreme law of the land. State laws that are flatly inconsistent with constitutionally authorized federal law have no force or effect. On the issue of recreational and/or medical marijuana, federal law is clear: it is a felony under the controlled substances act of 1970 (hereafter "CSA") to deal in marijuana. Despite the express federal prohibition on marijuana, California and many of its local jurisdictions have enacted laws, ordinances, and regulations designed to promote the growth of a billion dollar commercial marijuana industry.

2.       However, notwithstanding that recreational marijuana is now "legal" in California, the drug's cultivation, sale, and possession remain serious federal offenses in California, just as they are everywhere else in the United States. Indeed, those associated with California's largest-scale marijuana producers risk being sent to federal prison for the rest of their lives. The people of California are free to advocate for a change in this federal prohibition, but they must do so through their elected representatives in Congress. Under our federal system, Congress alone can authorize revision of federal laws prohibiting the commercial trade in recreational and/or medicinal marijuana.

3.       Of course, in recent years the United States Department of Justice (DOJ) has largely declined to bring prosecutions under the federal marijuana laws, prompting hundreds of millions of investment dollars and thousands of new customers to flow into California's commercial marijuana industry. But the DOJ's current policy of non-enforcement does not strike a single word from the U.S. Code or deprive private individuals of the judicially-enforceable rights under federal law. The DOJ can no more amend a federal statute than can the State of California, and marijuana remains just as illegal under federal law today as it was when Congress passed the CSA in 1970.

CIVIL RICO-COMPLAINT FOR DAMAGES

18 U.S.C. 1961

1      4.    Marijuana businesses make bad neighbors. They drive away legitimate businesses,

2  as literally happened in this instant case, businesses' customers, emit pungent foul odors causing

3  many to suffer allergic reactions, such as complainant's wife  Cyporette Quillinan,

4  who suffers an allergic reaction causing her bronchial tubes to constrict any time she smells

5  marijuana smoke.

6      5.    Marijuana businesses attract undesirable visitors, increase criminal activity, increase

7  traffic, and reduce property values.

8      6.    Plaintiff Kevin Quillinan suffered a serious disfiguring  injury at the age of fifteen

9  as a result of being hit head on by a drunk and/or "high" driver, almost died at the scene from

10  loss of blood because of the location of the accident and the time it took for rescue to arrive, and

11  because of that life changing accident, is devoted to reducing the amount of drivers that will end

12  up driving while "high" on marijuana. Plaintiff  abhors the hypocrisy of those engaged in selling

13  "medicinal marijuana" to members of the general public, which actually in fact, amounts to

14  illegal drug dealing under the Controlled Substances Act (hereafter "CSA").

15      7.    Plaintiff alleges on information  that at least 65 percent of the marijuana

16  distributed by "legal" marijuana distributors ends up being smoked and/or ingested by persons

17  that have no medical reason to smoke or ingest marijuana. The entire medical marijuana program

18  allows unscrupulous persons, including, financiers, investors, banks, and in this case high profile

19  attorneys, and those associated with those persons, to engage in selling marijuana to members of

20  the general public under the disingenuous guise of providing "medicine". To date, in our sister

21  state Colorado that legalized "medical" marijuana, at least one child age three years has died

22  from ingesting cannabis laced food product attractively packaged, and one Colorado man,

23  leaving his children motherless, is facing murder charges after jumping in and out of the family

24  home's windows, then fatally shooting his wife after ingesting food products containing high

25  amounts of THC (tetrahydrocannabinol) one of the psychotropic compounds found in cannabis.

26

27

28

8.    The list of unfortunate occurrences involving minor children ingesting cannabis-infused food product, hospital visits for teenagers suffering from overdoses, motor vehicular accidents, increases monthly nationwide as evidenced by internet news sources, all due to various states misguided legalization of "medical" marijuana.

9.    A perusal of the internet marijuana web sites devoted to providing and/or selling products, equipment and marijuana itself in various forms, hypocritically labeled as "medical cannabis", read like Disneyland versions of the marijuana smoker's wildest dreams come true. One can also read on the internet the recurring theme among those who choose to violate the CSA by cultivating and distributing "medical" and/or recreational marijuana, that proceeds from the sales thereof, will go to fund educational programs.

10.    Such hypocritical tactics are akin to holding a carrot on a stick in front of the donkey, as if tying violations of the CSA as a means of providing funding to educate our children about the dangers of using drugs, somehow makes the idea palatable.

11.    Along with plaintiff, approximately thirty other law abiding businesses that used the warehouse as storage and/or a location to sell their products online, also had to remove from the warehouse on one months' notice. Plaintiff is aware of at least one business owner that was forced to move out of state to Des Moines Iowa, for inability to locate alternative affordable storage in the bay area.

12.    Plaintiff and plaintiff's wife (hereafter, "Kevin and Cyporette") suffered damages to their personal and business property when defendants took over the warehouse and caused all the tenants, plaintiffs included, to vacate their respective storage/business units.

13.    Because of the lack of alternative affordable space to relocate to, Kevin And Cyporette were forced to either sell at substantially deep discounts, give away, or just dispose of several thousand dollars of antiques, bric-a-brak, books, and other items of business and/or personal property.

CIVIL RICO-COMPLAINT FOR DAMAGES

18 U.S.C. 1961

1    14.    Additionally, Kevin and Cyporette continue to incur higher costs for not only
2  storage, but also for gas, travel time, and bridge tolls due to the location of their alternative
3  storage facilities. Kevin and Cyporette are unable to access their stored business and personal
4  property in a meaningful way in order to be able to function and sell as they had in the past while
5  plaintiff's business and personal property was stored at the warehouse, on account of having had
6  to move their business and personal property into a 40 foot steel shipping container having no
7  light, no water, no bathroom, no internet access, and limited hourly access.

8    15.    As the result of ongoing illegal marijuana growing operation within the
9  warehouse during plaintiff's tenancy therein, and repeated break-ins to the warehouse, plaintiff
10 alleges on information and belief that items of personal and/or business property were actually
11 stolen from their storage unit by either the thieves, and /or DOES defendants as yet unidentified.

12    16.    Accordingly, plaintiff brings this suit to vindicate his federal rights under RICO,
13 18 U.S.C. §§ 1961 et seq., and the CSA, 21 U.S.C. §§ 801 et seq.

14    17.    Dealing in marijuana is racketeering activity under RICO, and those who engage
15 in a pattern of racketeering activity through a corporation or other enterprise are liable for three
16 times the economic harm they cause plus costs and attorneys' fees. Those who conspire with
17 racketeers by agreeing to assist them are likewise liable. RICO also gives federal courts the
18 power to order racketeering enterprises and their co-conspirators to cease their unlawful
19 operations.

20    18.    Accordingly, plaintiff respectfully asks this Court to award it the damages, costs,
21 and fees to which he is entitled, and plaintiff requests that the Court order the defendants to cease
22 their open and notorious violation(s) of federal law. Furthermore, the CSA preempts the practice
23 of state and local officials in California from issuing licenses to operate recreational marijuana
24 businesses. Those licenses not only purport to authorize but also affirmatively assist the criminal
25 conduct of those who receive them by making it easier for the license holder to attract investors
26 and customers. Medicinal and/or recreational marijuana business licensing directly conflicts with
27 and poses a major obstacle to federal law's goal of reducing marijuana trafficking and possession
28 through an almost total prohibition on the drug's cultivation and distribution.

CIVIL RICO-COMPLAINT FOR DAMAGES

8

18 U.S.C 1961

1     19.    Accordingly, if in the event plaintiffs discover the involvement of any state

2  and/or local government actors that have issued any licenses to said unlawful marijuana growing

3  operation(s), plaintiff reserves the right to name such state actors as defendants in this action, for

4  the sole purpose that the Court preserve its jurisdiction over said state and/or local government

5  actors, and order any and all state and/or local government defendant/actors to withdraw any and

6  all licenses issued to defendant(s) that purport to allow defendant to lawfully grow and/or

7  distribute marijuana, and to furthermore cease and desist from issuing any further "licenses"

8  and/or "permits" in the future, that purport to allow the "legal" growing and or distributing of

9  marijuana.

## II.

## JURISDICTION and VENUE

14     20.    This Court has subject matter jurisdiction over plaintiff's RICO claims under 18

15  U.S.C. § 1964(c) and 28 U.S.C. § 1331.

16     21.    Venue is proper in this Court under 28 U.S.C § 1391(b) and 18 U.S.C. §

17  1965(a)&(b), because defendants reside and/or transact their affairs in California and a

18  substantial portion of the events giving rise to the damages complained of herein occurred in

19  California. Defendants also transact their illegal marijuana cultivation and/or distribution

20  operation(s) in the state of Illinois.

## III.

## PARTIES

CIVIL RICO-COMPLAINT FOR DAMAGES

18 U.S.C. 1961

22.     Kevin Quillinan is a concerned citizen who at the age of fifteen, suffered a devastating and disfiguring right leg injury resulting from being hit head on by a drunk, and/or "stoned" driver. Plaintiff Kevin Quillinan believes that if marijuana is made lawful by the Federal Government, that the amount of serious accidents caused by "stoned" drivers will increase, with the costs of such accidents to society, and to the persons injured, far outweighing any possible "tax derived benefits". Plaintiff Kevin Quillinan because of his disabling injuries suffered, and the cause of those injuries being a drunk and/or stoned driver, is interested in law enforcement issues, particularly the enforcement of federal laws prohibiting the cultivation, distribution, and possession of marijuana. Cyporette Quillinan is a concerned citizen physically affected by marijuana smoke, and is interested in non-smokers' rights to clean air and a clean environment. Kevin and Cyporette stress the importance that injunctive relief will provide substantial benefit to plaintiff and the public at large, especially the elderly, teenagers, and those citizens to young to realize that not all packages that are wrapped like candy, are in fact candy.

23.     Defendants Benjamin Kovler, Mathew Estep, Ari Levy, are partners and/or managers of the following Illinois business entities; GREEN THUMB INDUSTRIES, (Illinois Secretary of State File Number 04845943, hereafter "file #" for each following business entity); GTI-CLINIC ILLINOIS HOLDINGS, LLC., file # 04872118; GTI II LLC., file # 04860284; GTI INVESTORS, LLC., file # 04902661; GTI -WLM, LLC., file #  GTI MUNDELEIN, LLC., GTI ROCK ISLAND, LLC., GTI ROCK ISLAND PARTNERS, LLC., GTI MUNDELEIN PARTNERS, LLC., THE CLINIC MUNDELEIN, all with the entity address of 875 N. Michigan, Suite 3400, Chicago Illinois 60611, and have acted in some capacity as either partners and/or direct or indirect investors with defendants Richard Silverstein, Michael Kanowitz, Jon Loevy, Russell Ainsworth, Zivorad Zivanovic, Terah Olson, and all other principal "King Pin" defendants to further the illegal conspiracy to cultivate and/or distribute cannabis and Cannabis infused food products from the Oakland warehouse and are therefore liable to plaintiff jointly and severally for the damages claimed herein and are also subject to an injunction to cease violating the CSA.

CIVIL RICO-COMPLAINT FOR DAMAGES

18 U.S.C. 1961

1      24.       Defendant RICHARD SILVERSTEIN, a resident of the state of Illinois, is

2  one of the King Pins of the conspiracy and engages in the illicit marijuana business as either an

3  owner and/or manager of the following several corporate or business entities thus far discovered:

4  SRG 414 LESSER LLC; OAKLAND MANAGER LLC.; BEEHIVE DISTRIBUTION INC.,

5  SRG MANAGER LLC., HAYDEN MANAGER LLC, TIDEWATER TRANSPORT INC.,

6  BRIGHT SIDE INC., BIG SHOULDERS WEST, SUNSHINE PRODUCE, THIRD COAST

7  INC; EFFINGHAM MEDICINAL FARMS LLC, EMF WEST INC., THREE NYMPHS,

8  SILVERSTEIN REALTY GROUP LLC., SRG ENZO I and SRG ENZO II, all with their

9  principal offices at 540 Frontage Rd., Suite 3145 Northfield Illinois 60093, and/or 311 Aberdeen

10  Street 3rd Floor Chicago Illinois 60607, and/or 312 N. May Street Chicago Illinois 60093, and

11  defendant Richard Silverstein also does business as OAKLAND 1852 with its principal

12  office at 1265 De Haro St. # 2 San Francisco CA. 94107. Throughout this complaint, Richard

13  Silverstein and/or SRG or SRG 414, is synonymous with all the above delineated corporate

14  and/or business entities according to context.

15      25.       Defendants  Robert Weakley, Gavin Kogan, Paul Henderson, Mark Ainsworth

16  dba  Cypress Manufacturing Company and/or Indus Holding Company, (hereafter collectively,

17  "CYPRESS") are located  in Salinas California at 20 Quail Run Circle Unit B, Salinas,

18  California. CYPRESS is a manufacturing facility that markets and distributes cannabis

19  concentrate infused chocolates under the brand name "ALTAI", infusing their chocolates with

20  cannabis concentrates of varying qualities and quantities, in order to supply the medical and

21  recreational edible cannabis products market in California, and plaintiffs allege on belief, other

22  states as well. Large batches of cannabis-infused chocolates are distributed to dispensaries

23  throughout California and other states.  CYPRESS uses funds, and possesses equipment,

24  chemicals, and product, that have moved in interstate commerce, and has supplied SRG, Z

25  SQUARE, and EMF WEST with cannabis products to the Oakland warehouse and as alleged on

26  belief, to other illegal cannabis dispensaries nationwide.

27

28

26.     When defendant CYPRESS agreed with Richard Silverstein and Zivorad Zivanovic to supply cannabis infused chocolate products to the warehouse, defendant CYPRESS had full knowledge that those products would be used to further the efforts of Richard Silverstein and Zivorad Zivanovic to commit felonies in the warehouse by using the warehouse to distribute manufactured cannabis infused food products, and by supplying those products, defendant CYPRESS conspired with defendants Richard Silverstein and Zivorad Zivanovic to commit crimes under the CSA, in violation o of 21 U.S.C. § 846, which is a violation of 18 U.S.C. § 1961(1)(D).

27.     Defendant CYPRESS currently owns and/or maintains a location at 20 Quail Run Circle Unit B, Salinas California, the equipment, materials, supplies, all to support and in furtherance of Cypress's edible cannabis chocolates manufacture and distribution operations in Salinas, which is a felony under the CSA, and is a violation of 21 U.S.C. §§ 843(a)(6) and 843(a)(7).

28.     Defendant Robert Weakley, Gavin Kogan, Paul Henderson, and Mark Ainsworth (collectively, "CYPRESS") use the internet, telephone, mail, email, and other communication facilities to contract to supply cannabis infused chocolates with outside distribution locations throughout the state, including to the warehouse, and on belief, throughout other states, which is a violation of 21 U.S.C. 843(b), which is racketeering activity under 18 U.S.C. 1961(1)(D).

29.     By knowingly leasing and/or maintaining, managing or controlling a place where cannabis products are manufactured, defendant CYPRESS violated 21 U.S.C. § 856, which is racketeering activity under 18 U.S.C. 1961(1)(D).

30.     Defendant Russell Ainsworth, a resident of the state of Illinois, does business in the state of California as president of BIG SHOULDERS WEST and can be found at 311 N. Aberdeen St. Chicago Illinois 60607. Defendant Russell Ainsworth is associated and/or employed by defendant Jon Loevy and is associated with defendants Michael Kanovitz and Richard Silverstein, and collaborates with each of the defendants above to further the illicit marijuana growing and distribution operations.

12

31.     Defendant Russell Ainsworth is alleged on belief to be one of the King Pins of the illegal marijuana cultivating and/or distributing enterprise(s), and to achieve those ends, provided funds to support and maintain the illegal enterprise, and conspired with each of the other defendants to achieve their illegal goal of setting up the large scale marijuana cultivation and distribution operation in the Oakland warehouse.

32.     Defendant Russell Ainsworth as President of BIG SHOULDERS WEST, signed one of seven fraudulent three year leases, to be subrogated to defendant KEYPOINT as security for a loan to defendant SRG 414 in the amount of 2.1 million dollars to renovate the warehouse to make the warehouse suitable for large-scale marijuana cultivation.

33.     Defendant Russell Ainsworth had full knowledge when he provided investment funds to  Richard Silverstein, and Zivorad Zivanovic, to either lease, purchase, renovate or maintain illegal marijuana cultivation facilities, that those facilities would be used to cultivate and/or distribute marijuana, and intended to further the efforts of the other defendants to commit crimes under the CSA, thus defendant Russell Ainsworth conspired to commit crimes under the CSA, which is a violation of 21 U.S.C. 846, which is racketeering activity under 18 U.S.C. 1961(1)(D).

34.     Plaintiff alleges on information and belief that defendant Russell Ainsworth used the telephone, mail, email, and other communication facilities to make agreements and arrangements with the other defendants, intended to benefit the wrongful conspiracy. The criminal use of such communication facilities violates 21 U.S.C. § 843(b), which is racketeering under 18 U.S.C. § 1961(1)(D).

35.     Defendant Abigail Bornstein is alleged on belief to be a Queen Pin of the conspiracy, and is the Director of Operations at BAY PROPERTY GROUP in Oakland California. Plaintiffs allege on belief that defendant Abigail Bornstein through her thorough knowledge of Bay Area Commercial and Industrial property, and working in the capacity of director of operations for BAY PROPERTY GROUP, located the warehouse, then facilitated the purported straw man purchase of the warehouse by defendant Richard Silverstein, dba SRG.

CIVIL RICO-COMPLAINT FOR DAMAGES

18 U.S.C. 1961

1        36.    Plaintiff alleges on belief that defendant Abigail Bornstein had full knowledge

2    that when she facilitated the purchase of the warehouse, that the seller Zivorad Zivanovic dba Z

3    SQUARE was going to remain in the warehouse and continue to participate in the criminal

4    conspiracy to violate the CSA, and defendant also had full knowledge that straw man purchaser

5    SRG 414 / Richard Silverstein, and defendant Zivorad Zivanovic were also going to renovate the

6    warehouse to accommodate large scale marijuana growing and/or distribution, in violation of the

7    CSA, thus, defendant Abigail Bornstein was aware the warehouse was going to be used for an

8    ongoing criminal enterprise in violation of the CSA, and had full knowledge that to locate and

9    arrange the purchase of the warehouse would further the efforts of Richard Silverstein and

10   Zivorad Zivanovic to commit felonies under the CSA. Thus defendant Abigail Bornstein

11   conspired with SRG and Z SQUARE to commit felonies under the CSA, in violation of 21

12   U.S.C. § 846, which is racketeering activity under 18 U.S.C. § 1961(1)(D).

13       37.    Plaintiff alleges on belief that defendant Abigail Bornstein also provided funds to

14   further the efforts of SRG, Z SQUARE, and EMF WEST to purchase and or renovate the

15   Oakland warehouse in order to make the warehouse ready for large-scale marijuana cultivation

16   and/or distribution.

17       38.    When defendant Abigail Bornstein facilitated the purchase of the warehouse by

18   King Pin defendant Richard Silverstein, defendant Abigail Bornstein had full knowledge that the

19   funds used by defendant Richard Silverstein were derived from the illegal cultivation and/or

20   distribution of marijuana in the state of Illinois, and thus knowingly facilitated a financial

21   transaction involving funds derived from manufacturing and selling marijuana, which is a crime

22   under 18 U.S.C. §§§ 1956, 1957, 1960.

23       39.    Plaintiffs allege on belief that defendant Abigail Bornstein used the telephone,

24   email, mail, and other communication facilities negotiate the purchase of the warehouse by King

25   Pin Richard Silverstein/SRG and to arrange financing for the purchase and/or renovation of the

26   warehouse. The criminal use of such communication facilities is a felony under the CSA and is a

27   violation of 21 U.S.C. § 843(b), which is racketeering activity under 18 U.S.C. § 1961(1)(D).

28

CIVIL RICO-COMPLAINT FOR DAMAGES

18 U.S.C. 1961

40.     Defendant WES-CO INC., is a California corporation owned in part by defendant Zivorad Zivanovic, who works at WES-CO as a designer and engineer of industrial ventilation and filtration systems.  Defendant WES-CO  as a company that provides industrial ventilation and filtration systems, is perfectly positioned to design, construct and install ventilation systems for large scale marijuana cultivation operations, and plaintiffs allege on belief, that WES-CO designs fabricates, and installs ventilation systems for large scale marijuana cultivation facilities located in California, Illinois and possibly in addition to other states. Defendant WES-CO uses funds, products and materials that have all moved in interstate commerce.

41.     Defendant Daniel Cheung is an attorney associated in the Law Offices of Daniel Bornstein/BORNSTEINLAW and prepared fraudulent statements for defendant employee/owners/managers of WES-CO to sign in order to obtain the TRO against plaintiff to prevent plaintiff from further photo-documenting the events transpiring within the warehouse during the months of  May-June of 2016, which would show that the entire warehouse was being renovated to accommodate the planned large-scale marijuana growing operation therein. When Defendant Daniel Cheung prepared said fraudulent statements to be executed by defendants Dianne Murphy, Tyler Forman, Gospa Lucik, Zivorad Zivanovic of WES-CO, defendant Daniel Cheung knew to a certainty that the fraudulent statements were designed to show a pattern of conduct on plaintiff's part, that would undoubtedly obtain a TRO against plaintiff in front of any Judge.

42.     Defendant Daniel Cheung also knew to a certainty that the fraudulent statements prepared in anticipation of the TRO hearing had no basis in truth, were patently false, and no reasonable person aware of the circumstances and events taking place in the warehouse would believe those fraudulent statements to be true.

CIVIL RICO-COMPLAINT FOR DAMAGES

18 U.S.C. 1961

43.     Defendant Daniel Cheung in preparing those statements described above, did so with the knowledge that the TRO would prevent any further evidence gathering by Kevin, and that marijuana was being grown in the warehouse at the same time that Kevin was photo-documenting the events occurring therein. Plaintiff alleges on belief that defendant Daniel Cheung is an investor in the unlawful marijuana growing conspiracy, has full knowledge of Z SQUARE and SRG 414's ongoing illegal drug enterprise and intended to further those efforts by investing in said drug enterprise, and preventing plaintiff from gathering evidence by obtaining a TRO against plaintiff.

44.     In agreeing to knowingly prepare fraudulent statements as described above to obtain the TRO and thus to prevent plaintiff from photo-documenting the warehouse and gathering evidence of the unlawful activity therein, and by agreeing to invest in the illegal enterprise, defendant Daniel Cheung intended to further SRG 414 and Z SQUARE'S criminal activities, and thereby conspired with SRG 414 and Z SQUARE to commit felonies under the CSA in

violation of 21 U.S.C. § 846, which is rackcteering activity under 18 U.S.C.§ 1961(1)(D).

45.     Defendant Daniel Bornstein, is a resident of the state of California, and does business under the corporate name of LEGAL ONE REALTY Cal. Corp. File # 2758233, and the fictitious business names of BAY PROPERTY GROUP; BORNSTEIN LAW, (hereafter collectively "LEGAL ONE") with his principal place of business at 482 W. Macarthur Blvd. Oakland CA. 94609.

46.     Defendant Daniel Bornstein is alleged on belief to be one of the "King Pins" of the illegal enterprise, in that plaintiffs believe that defendant Daniel Bornstein "arranged" the straw man sale of the warehouse to defendant Richard Silverstein; provided funds for the purchase of the warehouse; assisted defendant Richard Silverstein to arrange the leaseholds to subordinate to defendant KEYPOINT for security on the 2.1 million dollar loan in order to gain financing to renovate the warehouse; to vacate the warehouse of all existing tenants in order to renovate the same.

CIVIL RICO-COMPLAINT FOR DAMAGES

18 U.S.C. 1961

47.     Defendant Daniel Bornstein also filed a wrongful eviction action against plaintiff, as plaintiff was already halfway through the process of removing from the warehouse, representing then plaintiff SRG 414 in the unlawful detainer, who had failed to file for and obtain a Fictitious Business Name as required by California Business and Professions codes §17910 and §17918 respectively, and was thus precluded by operation of said codes to bring any action, in any court, at any time.

48.     In representing SRG 414 in such an action in derogation of the above stated civil codes, and shortly thereafter filing for and obtaining a TRO against plaintiff during the pendency of said wrongful eviction action, based on patently false statements prepared in anticipation of obtaining a TRO,  all done  with the intent  to cause plaintiff duress and emotional distress while removing from the warehouse, and to prevent plaintiff from any further photo-documenting the criminal activities within the warehouse,  defendant Daniel Bornstein revealed himself as a principal conspirator in collusion with SRG 414  to further  the conspiracy to commit violations under the CSA.

49.     By virtue of said acts by Defendant Daniel Bornstein described above, Daniel Bornstein conspired with each of the other defendants to further the conspiracy to commit crimes under the CSA, thus defendant Daniel Bornstein had full knowledge that the warehouse would be used to grow marijuana, and thus conspired together with SRG and EMF WEST to commit felonies under the CSA in violation of 21 U.S.C. §§ 846 and 856, which is racketeering activity under 18 U.S.C. § 1961(1)(D). large scale marijuana cultivation and distribution.

50.     Plaintiff alleges on belief that defendant Daniel Bornstein provided funds and/or pooled his investment capital in the ongoing criminal enterprise that had gained monies through the ongoing criminal conspiracy to cultivate and/or distribute marijuana, in Illinois, thus Daniel Bornstein intended to further the efforts of all other defendants in continuing the drug conspiracy in California by the use of funds that have traveled in interstate commerce.

51.     In agreeing to knowingly provide financial assistance and/or eviction assistance to SRG and EMF WEST in order to operate its marijuana business with the intent to further SRG and EMF WEST's criminal conspiracy, Daniel Bornstein  committed  felonies under the CSA in

CIVIL RICO-COMPLAINT FOR DAMAGES

18 U.S.C. 1961

1   violation of 21 U.S.C. §§ 846 and 856, which is racketeering activity under 18 U.S.C. §
2   1961(1)(D).

3       52.     Defendant Daniel Bornstein used the mail, email, telephone and other
4   communication facilities to complete agreements to, and file a wrongful eviction action and
5   TRO against plaintiff, and to finance the ongoing criminal conspiracy to cultivate
6   marijuana in the warehouse and in Edgewood Illinois and Effingham Illinois cultivation and
7   distribution facilities respectively. The criminal use of communication facilities is a violation of
8   21 U.S.C. § 843(b), which is racketeering activity under 18 U.S.C. § 1961(1)(D).

9       53.     Defendant Daniel Cheung is a resident of the state of California and an attorney
10  employed by Daniel Bornstein at BORNSTEIN LAW and can be found at 507 Polk St. Ste.410
11  San Francisco, CA. 94102. Defendant Daniel Cheung provided funds and/or legal eviction
12  expertise and/or collaborated and/or conspired with each of the other defendants to achieve the
13  illegal enterprise of illegally growing and distributing marijuana from the warehouse. To achieve
14  that end, defendant Daniel Cheung prepared perjured statements f or employees and/or owners
15  of WES-CO to execute, in order to obtain a TRO against plaintiff, to further harass plaintiff
16  while plaintiff was in the process of removing from the warehouse. Defendant Daniel Cheung
17  also settled the eviction action begun by Defendant Daniel Bornstein, which was illegally and
18  wrongfully prosecuted against plaintiff in direct violation of California Business and Professions
19  Codes §17910 and §17918 respectively.

20      54.     When defendant Daniel Cheung agreed to fund and/or provide eviction expertise
21  and/or prepared fraudulent statements in order to obtain a TRO against plaintiff, defendant
22  Daniel Cheung had full knowledge that the warehouse was going to be used to grow marijuana,
23  and that defendants SRG and EMF WEST were going to use the warehouse to increase the
24  growing capacity therein, and defendant Daniel Cheung by providing financial assistance and/or
25  eviction expertise intended to further those efforts of SRG and EMF WEST to commit felonies
26  under the CSA which is a violation of 21 U.S.C. §846, which is racketeering activity under 18
27  U.S.C. § 1961(1)(D).

28

55.    Defendant Daniel Cheung used email, telephone, mail, and other communication facilities to effectuate providing monies to fund the enterprise to cultivate marijuana in the warehouse. The criminal use of such communication facilities is a violation of 21 U.S.C. § 843(b), which is racketeering activity under 18 U.S.C. § 1961(1)(D).

56.    Plaintiffs allege on information and belief that defendant Daniel Fineman is a resident of either Illinois or California, and is the manager of OAKLAND MANAGER LLC., and Chief Operating Officer of EFFINGHAM MEDICINAL FARMS LLC/JUSTICE GROWN, and has operational capacities and authority in both California and Illinois to develop and/or cause to be designed and constructed, illegal marijuana growing facilities, and appeared at the Quillinan eviction action as the authorized representative for SRG 414 / Richard Silverstein, to forcibly remove the Quillinans from the warehouse, despite the fact that the Quillinans were in the process of vacating their unit 14 when the eviction action was filed.

57.    Defendant Daniel Fineman knew when he acted as SRG 414's authorized representative on the eviction action described herein, that the eviction action and TRO were done to intimidate and/or prevent plaintiffs from further photo-documenting events transpiring in the warehouse, and that the eviction and TRO were intended to cause plaintiffs additional emotional distress and duress over and above that suffered by defendants from having to move all their personal and business property within 30 days. Defendant Daniel Fineman also acting as authorized agent of OAKLAND MANAGER LLC., knew that collecting rents from an illegally operating storage facility from then existing tenants including these plaintiffs, and subsequent eviction action and falsely obtaining a TRO against plaintiff, were all done in furtherance of the broader SRG 414 / Z SQUARE, EMF WEST's marijuana drug conspiracy.

58.    When defendant Daniel Fineman agreed to be COE of EFM and manager of OAKLAND MANAGER LLC., defendant had full knowledge of the broader conspiracy to use the warehouse to commit felonies in violation of the CSA, and intended to further the conspiracy, thus Defendant Daniel Fineman conspired with SRG, Z SQUARE, EMF WEST to commit felonies under the CSA, which is a violation of 21 U.S.C. § 846, which is racketeering activity under 18 U.S.C. § 1961(1)(D).

CIVIL RICO-COMPLAINT FOR DAMAGES

18 U.S.C. 1961

1      59.    Defendant Daniel Fineman used the mail, email, telephone and other

2   communication facilities to unlawfully collect rents from plaintiffs, and to effectuate the day to

3   day management of OAKLAND MANAGER LLC., and/or EFM.

4   The criminal use of such communication facilities violates 21 U.S.C. § 843(b), which is

5   racketeering activity under 18 U.S.C. 1961(1)(D).

6      60.    Defendant Tyler Forman is a resident of the state of California and is employed by

7   Defendant WES-CO in an as yet undetermined capacity. Defendant Tyler Forman knew to a

8   certainty that, when Zivorad Zivanovic as owner and/or manager of WES-CO and SRG 414

9   entered into an agreement for the purchase of the building by SRG 414, that SRG 414 intended

10  to renovate the warehouse to accommodate large-scale marijuana growth, and thus was aware of

11  the purpose of those renovations and the broader SRG 414 / Z SQUARE/WES-CO marijuana

12  drug conspiracy. By agreeing and conspiring with SRG and Z SQUARE/WES-CO, to facilitate

13  violations of the CSA, defendant Tyler Forman violated 21 U.S.C. § 846, which is racketeering

14  activity under 18 U.S.C. § 1961(1)(D).

15     61.    Defendant Tyler Forman used email, mail, telephone, and other communication

16  facilities to effectuate his part in the broader criminal conspiracy to commit felonies under the

17  CSA. The criminal use of such communication facilities violates 21 U.S.C. § 843(b), and is

18  racketeering activity under 18 U.S.C § 1961(1)(D).

19     62.    Defendant Tyler Forman  purportedly working as an employee of WES-CO and/or

20  Z SQUARE, signed under penalty of perjury one of the four patently false statements

21  prepared by defendant Daniel Cheung and/or defendant Daniel Bornstein for the purpose of

22  obtaining a TRO against plaintiff Kevin Quillinan which was done to prevent plaintiff from

23  further photo-documenting the events occurring in and around the warehouse during the months

24  of May/June of 2016, and the fact that  the warehouse had been entirely vacated of all tenants.

25

26

27

28

CIVIL RICO-COMPLAINT FOR DAMAGES

18 U.S.C. 1961

1    63.    Plaintiffs allege on information and belief that defendant Joel Feldman is a

2    resident of the state of Illinois, an attorney at the law offices of Loevy and Loevy, and  purports

3    to do business in California as the authorized corporate representative of THIRD COAST INC;

4    as president of TIDEWATER TRANSPORTER INC; as agent for SRG MANAGER LLC;

5    OAKLAND MANAGER LLC., and EFFINGHAM MEDICINAL FARMS LLC.

6    Plaintiffs allege on belief that defendant Joel Feldman, also a King Pin and investor in the

7    conspiracy, provided funds to renovate the warehouse.

8    64.    Defendant Joel Feldman as an authorized representative of THIRD COAST INC.,

9    and as president of TIDEWATER TRANSPORTER INC., signed 2 of 7 nonexistent warehouse

10   leaseholds which were subrogated and attorned to defendant KEYPOINT as security for the loan

11   of 2.1 million to SRG to renovate the warehouse to make it suitable for a large-scale marijuana

12   growing and distribution operation. Defendant Joel Feldman had full knowledge when he signed

13   leases to be subordinated to defendant KEYPOINT as security for the loan to SRG 414, and when

14   defendant provided funds to SRG 414 and EMF WEST, that defendants would use the proceeds of

15   that loan and the funds defendant Joel Feldman provided, to renovate the warehouse to

16   accommodate large scale marijuana cultivation and distribution.

17   65.    Defendant Joel Feldman as an authorized representative of THIRD COAST INC.,

18   and as president of TIDEWATER TRANSPORTER INC., signed 2 of 7 fraudulent leases for

19   spaces in the warehouse which were subrogated to defendant KEYPOINT as security for the loan

20   of 2.1 million to SRG to renovate the warehouse to make it suitable for a large-scale marijuana

21   cultivation. Defendant Joel Feldman had full knowledge when he signed such a fraudulent

22   lease(s) to be subordinated to defendant KEYPOINT as security for the loan to SRG 414, that the

23   66.    leases were in fact fraudulent, and drafted and filed with  the County of Alameda

24   for the sole purpose and intent to submit to defendant KEYPOINT as security for the loan from

25   defendant

26   67.    KEYPOINT, and  that  defendants would use the proceeds of that loan and the

27   additional funds defendant Joel Feldman provided, to renovate the warehouse to accommodate

28   large scale marijuana growing and distributing.

CIVIL RICO-COMPLAINT FOR DAMAGES

21

18 U.S.C. 1961

68.     When Defendant Joel Feldman signed said fraudulent lease(s) and/or provided additional funds to defendants SRG/Z SQUARE and EMF WEST, defendant was fully aware of the purpose of the warehouse renovations and the broader SRG, Z SQUARE and EMF's efforts to commit felonies under the CSA and intended to further those efforts.

69.     By agreeing to sign fraudulent lease(s) and/or provide additional funds to the conspiracy, defendant Joel Feldman conspired with SRG 414, Z SQUARE and EMF to commit felonies under the CSA which is a violation of 21 U.S.C. § 846, which is racketeering activity under 18 U.S.C. § 1961(1)(D). At all times relative to this complaint, Defendant Joel Feldman knew that funds provided by other defendants were acquired by the illegal cultivation and distribution of marijuana. By agreeing to pool his funds with the other conspirators, defendant Joel Feldman committed crimes under the CSA, which are violations of 18 U.S.C. §§§ 1956, 1957, 1960, which is racketeering activity under 18 U.S.C. § 1961(1)(D).

70.     Plaintiffs allege on information and belief that defendant Joel Feldman used telephone, email, mail, and/or other communication facilities to complete and/or submit the fraudulent lease(s) referred to herein, and to complete agreements with the other defendants to provide funding for the illegal marijuana growing and distribution enterprise, all to further SRG, Z SQUARE, and EMF's marijuana drug conspiracy. In using such communication facilities to

71.     complete, facilitate, or maintain criminal activities in violation of the CSA, defendant Joel Feldman violated 21 U.S.C. § 843(b), which is racketeering activity under 18 U.S.C. § 1961(1)(D).

72.     Plaintiff alleges on belief that defendant Bruce Goldstone is a resident of the state of Illinois and purports to do business as Beehive Distributor and/or acted as an agent of Beehive Distributor by signing 1 of 7 fraudulent leases that were subordinated to defendant KEYPOINT, and acts as Chief Financial Officer of defendant SILVERSTEIN REALTY GROUP LLC. When defendant Bruce Goldstone signed fraudulent lease(s) that were subordinated to

CIVIL RICO-COMPLAINT FOR DAMAGES

18 U.S.C. 1961

22

1  KEYPOINT as security for the loan from KEYPOINT to SRG 414, defendant Bruce Goldstone

2  had full knowledge that defendant SRG 414 and defendant Z SQUARE would use the proceeds

3  of the loan to renovate the warehouse in order to accommodate large-scale marijuana growing

4  and distribution, thus defendant Bruce Goldstone was aware of the purpose of the loan and

5  renovations to the warehouse, and the broader SRG / Z SQUARE EMF WEST's marijuana drug

6  conspiracy and intended by signing said lease, and by acting as an agent of Beehive Distributor,

7  to further defendants efforts to set up large scale marijuana cultivation and/or distribution

8  in the Oakland warehouse.

9       73.    By agreeing to further defendant SRG, Z SQUARE, and EMF WEST's efforts to

10 commit felonies under the CSA, defendant Bruce Goldstone thus conspired with SRG, Z

11 SQUARE and EMF WEST to commit crimes under the CSA which is a violation of 21 U.S.C.

12 § 846, which is racketeering activity under 18 U.S.C. § 1961(1)(D).

13      74.    Defendant Bruce Goldstone used the telephone, email, mail, or other

14 communication facilities to complete and/or submit the fraudulent lease(s) referred to herein, and

15 to execute his purported duties while acting as agent of Beehive Distribution. The criminal use of

16 such communication facilities violates 21 U.S.C. § 843(b) and is racketeering activity under 18

17 U.S.C. § 1961(1)(D).

18      75.    Plaintiffs allege on belief that defendant Andrew Thayer is a resident of the state

19 of Illinois and purports to do business in California as president of BRIGHT SIDE INC.

20 Defendant Andrew Thayer caused 1 of 7 non-existent warehouse leaseholds to be subrogated and

21 attorned to defendant KEYPOINT for security of the loan of 2.1 million dollars to defendant

22 SRG, so that SRG could renovate the warehouse to make it more suitable for large-scale

23 marijuana growing and distributing operations, thus defendant knew when signing the lease, the

24 purpose of the loan and of the renovations to the warehouse and the broader SRG 414 / Z

25 SQUARE marijuana drug conspiracy.

26      76.    By agreeing and conspiring with SRG 414 and Z SQUARE to facilitate

27 violations of the CSA, defendant Andrew Thayer violated 21 U.S.C. § 846, which is racketeering

28 activity under 18 U.S.C. § 1961(1)(D).

CIVIL RICO-COMPLAINT FOR DAMAGES

18 U.S.C. 1961

1        77.    Defendant used the telephone, email, mail, and other communication facilities to

2  complete and/or submit the lease(s) referred to herein. Such use of communication facilities

3  violates 21 U.S.C. § 843(b) and is racketeering activity under 18 U.S.C. § 1961(1)(D).

4        78.    Defendant Deidra Mae Harper is acting Secretary and Treasurer for BEEHIVE

5  DISTRIBUTION, and signed 1 of 7 non-existent warehouse leaseholds that were subrogated and

6  attorned to defendant KEYPOINT as security for the loan of 2.1 million to defendant SRG, so

7  that SRG could renovate the warehouse to make it suitable for a large-scale marijuana growing

8  and distributing operation. Defendant Deidra Mae Harper had full knowledge  that the lease

9  she signed would be used as security on the loan to SRG, and that SRG, Z SQUARE, and EMF

10  WEST would use the loan funds to renovate the warehouse to further the illegal conspiracy to

11  cultivate and distribute marijuana. By agreeing to act as secretary and treasurer of BEEHIVE

12  DISTRIBUTION and thereby further the criminal activities of SRG, Z SQUARE and EMF

13  WEST, defendant Deidra Mae Harper conspired with defendants SRG, Z SQUARE, and EMF

14  WEST to commit felonies under the CSA in violation of 21 U.S.C. § 846, which is racketeering

15  activity under 18 U.S.C. 1961(1)(D).

16        79.    Plaintiffs allege on information and belief that Illinois resident and prominent

17  Civil Rights attorney Jon Loevy, along with Michael Kanovitz, and Richard Silverstein, is one

18  the King Pins in the herein alleged conspiracy and illegal enterprise, acting as either owner

19  and/or manager and/or investor in and of EFFINGHAM MEDICINAL FARMS LLC., and EMF

20  WEST, and alleged on belief, provided funds to defendant straw buyer Richard Silverstein to

21  purchase and/or renovate the warehouse in Oakland to further augment and increase marijuana

22  cultivation  and distribution capacity therein; to purchase the land and construct the building for

23  the marijuana cultivation operation in Edgewood Illinois; in addition to providing funds,

24  financial backing and/or active management for the establishment of a marijuana dispensary in

25  the town of Effingham Illinois by name of Clinic Effingham.

26        80.    Plaintiffs allege on belief that the far reaching conspiracy takes place in both

27  California and Illinois, with the intent to illegally distribute marijuana intrastate in both

28  California and Illinois, as well as interstate to any and all states in between, and from California

1  and Illinois to the East Coast of the United States.

2      81.     Defendant Gospa Lucik is a Serbian National of unknown status residing in
3  California and is employed in the warehouse by defendants and Zivorad Zivanovic dba Z Square
4  Properties Company LLC, and WES-CO Inc. Defendant is a forklift driver and janitor that
5  worked in the warehouse prior to, and during the time that plaintiffs rented unit 14 storage space.
6  Defendant Gospa Lucik made statements to plaintiffs subsequent to defendant SRG 414's
7  purchase of the property, designed to deceive plaintiffs into believing that plaintiffs would be
8  able to continue to rent storage within the warehouse. Subsequent to the purported purchase of
9  the warehouse by SRG 414, defendant Gospa Lucik indeed and in fact, remained at the
10 warehouse as the janitor and forklift driver and/or renovations operations manager.

11     82.     Defendant Gospa Lucik as a purported employee of WES-CO and/or Z
12 SQUARE, was one of the signatories on the patently false statements prepared by defendants
13 Daniel Cheung and/or Daniel Bornstein to obtain a TRO against plaintiff for the purpose of
14 preventing plaintiff from further photo-documenting the renovations taking place in the
15 warehouse as mentioned in previous paragraphs above.

16     83.     When Defendant Gospa Lucik signed the patently false statement described
17 above; made statements to plaintiffs designed to deceive plaintiffs into continuing to pay rent
18 instead of immediately seeking alternative storage facilities; drove forklift and maintained and/or
19 managed renovation operations in the warehouse for WES-CO and/or Z SQUARE, defendant
20 had full knowledge that SRG, Z SQUARE, and EMF WEST were going to vacate then renovate
21 the warehouse to increase the size and scope of the illegal marijuana growing operation therein,
22 thereby committing felonies under the CSA, and defendant Gospa Lucik intended to further
23 those efforts. In agreeing to the above described actions, and to drive forklift and maintain
24 84.    the warehouse and oversee the renovations therein, defendant Gospa Lucik conspired
25 with defendants SRG, Z SQUARE and EMF WEST to commit felonies under the CSA which is
26 a violation of 21 U.S.C. 846, which is racketeering activity under 18 U.S.C. 1961(1)(D).

27

28

CIVIL RICO-COMPLAINT FOR DAMAGES

18 U.S.C. 1961

85. Defendant Gospa Lucik used the mail, email, telephone and other communication facilities to effectuate her agreements/work duties with SRG, Z SQUARE and EMF WEST. The criminal use of such facilities violates 21 U.S.C. 843(b) and is racketeering activity under 18 U.S.C. 1961(1)(D).

86.    Plaintiffs allege on information and belief that defendant Dianne Murphy is a book keeper employed by Z Square Properties Company and/or WES-CO Inc., and that Z SQUARE and WES-CO are front companies owned in part or in whole by Zivorad Zivanovic, operated for the express purpose of concealing the income generated for defendants  Zivorad Zivanovic, Dennis Thompson, from their former illegal storage operation, and illegal marijuana grow operation within the warehouse and that defendant Dianne Murphy aids  in this concealment by fraudulent book keeping practices, all to effectuate such concealment.

87.    By such fraudulent bookkeeping practices, defendant Dianne Murphy aids defendant Zivorad Zivanovic  in avoiding federal income taxes from the illegally derived income from the illegally operated self storage facility business formerly in the warehouse.

88.    Defendant Dianne Murphy continues to be employed by defendants Zivorad Zivanovic  dba WES-CO and Z Square, and remained there as a "manager" and book keeper subsequent to the purchase of the property by SRG 414.

89.    Defendant Dianne Murphy working as the bookkeeper and/or warehouse manager for WES-CO and/or Z SQUARE, was one of the signatories on the patently false statements prepared by defendants  Daniel Cheung and/or Daniel Bornstein, prepared in anticipation of obtaining a TRO against plaintiff  to prevent plaintiff from further photo- documenting the renovations taking place in the warehouse.

90.    When defendant Dianne Murphy agreed to sign patently false statements under penalty of perjury in anticipation of obtaining a TRO against plaintiff,  to keep fraudulent books and/or manage the day to day operations of clearing the warehouse of all then existing tenants,

CIVIL RICO-COMPLAINT FOR DAMAGES

18 U.S.C. 1961

1  defendant Dianne Murphy had full knowledge that the warehouse was going to be vacated and
2  renovated in order to begin large scale marijuana cultivation operations, thus defendant had full
3  knowledge of EMF WEST, SRG, and Z SQUARE's broader conspiracy to commit felonies
4  under the CSA, and intended further those efforts, thus defendant Dianne Murphy
5  conspired to commit felonies under the CSA, which is a violation of 21 U.S.C. 846, which is
6  racketeering activity under 18 U.S.C. 1961(1)(D).

7        91.    Defendant Dianne Murphy used the mail, email, telephone and other
8  communication facilities to effectuate her agreements/work duties with SRG, Z SQUARE and
9  EMF WEST. The criminal use of such facilities violates 21 U.S.C. 843(b) and is racketeering
10  activity under 18 U.S.C. 1961(1)(D).

11        92.    Defendant Joseph Janssen is a supplier of illegal cannabis infused food products
12  sent to the warehouse addressed to "SRG 414", via the United States Mail and/or other shipping
13  services which make use of interstate highways, and is, or was located in the state of
14  Washington. Defendant Joseph Janssen does, or did business as TOP SHELF MEDICINALS.
15  Plaintiffs allege on belief that defendant Joseph Janssen also used the mail, email, and other
16  forms of communication facilities with the intent to further and/or maintain defendant's business
17  relationship with SRG 414. By providing SRG 414 with cannabis products with the intent to
18  further SRG 414's drug crimes, Joseph Janssen conspired with SRG 414, and all those
19  defendants alleged herein to be associated with SRG 414, to commit crimes under the CSA in
20  violation of 21 U.S.C. § 846. That is racketeering activity under 18 U.S.C. § 1961(1)(D).

21  93.    Defendant Joseph Janssen used mail, email, telephone and other communication facilities
22  to complete deliveries of defendant's cannabis products to the warehouse. The criminal use of
23  such communications facilities violates 21 U.S.C. § 843(b), which is racketeering activity under
24  18 U.S.C. § 1961(1)(D).

25  94.    Defendant Michael Kanovitz is President of Sunshine Produce. Sunshine Produce is
26  owned and incorporated by Defendant Richard Silverstein. Defendant Michael Kanovitz is a
27  partner with Jon Loevy in the illegal cannabis cultivation facility located in Edgewood Illinois.
28  Defendant Michael Kanowitz signed 1 of 7 fraudulent warehouse leases that were subordinated

CIVIL RICO-COMPLAINT FOR DAMAGES

18 U.S.C. 1961

1     to defendant KEPOINT for security on the loan of 2.1 million dollars to King Pin defendants

2     Richard Silverstein dba SRG 414 and Jon Loevy, dba Effingham Medicinal Farms LLC., and

3     EMF WEST, said loan monies being used to renovate the warehouse to further the large scale

4     marijuana cultivation and distribution therein.

5          95.     Plaintiffs allege on belief that the loan monies are also being used to pay the note

6     on the loan itself, in lieu of the 7 fraudulent leases that were subordinated to defendant

7     KEYPOINT as security for the loan. Defendant Michael Kanovitz is alleged on belief to be one

8     of the King Pins of the conspiracy, providing investment funds, legal expertise, and/or his

9     signature on fraudulent leaseholds in offer of security for loans as described above.

10         96.     Defendant Michael Kanovitz , had full knowledge of, and conspired with each of

11    the other defendants to form, invest in, and maintain the long term far reaching marijuana

12    cultivation and distribution enterprise(s), in violation of the CSA. Thus Michael Kanowitz

13    conspired with each of the other defendants, Daniel Bornstein, Abigail Bornstein, Daniel

14    Cheung, Gavin Kogan, Jeffery Gilles, Jon Loevy, Richard Silverstein, Zivorad Zivanovic, Ashley

15    Peterson, Terah Olson, Dianne Murphy, Joel Feldman, Daniel Fineman, and all those defendants

16    associated therewith, to commit felonies under the CSA by operating and/or

17    maintaining facilities for the cultivation and/or distribution of marijuana and marijuana infused

18    food products California and Illinois, thereby committing felonies under the CSA which is a

19    violation of 21 U.S.C. § 846, which is racketeering activity under 18 U.S.C. § 1961(1)(D).

20         97.     Defendant Michael Kanowitz used mail, email, telephone, and other

21    communications facilities to subordinate the fraudulent lease(s) to defendant KEYPOINT for

22    security on the loan as described above, and to communicate and thereby effectuate multiple

23    agreements to provide financing for multiple illegal marijuana cultivation and distribution

24    facilities in both Illinois and California, all of which are crimes under the CSA, which is a

25    violation of 21 U.S.C. 843(b), which is racketeering activity under 18 U.S.C. 1961(1)(A).

26         98.     Defendant Gavin Kogan is an attorney residing in Salinas California and is the

27    registered owner of 710 COMBINATOR COMPANY, California Corporations registry number

28    3869648, filed 1.28.2016; INDUS HOLDINGS INC., Cal. Corp. File number3748298,

28

filed 1.21.2015. Plaintiffs allege on informationg and/or belief, that defendant Gavin Kogan supplied SRG, EMF WEST and Z SQUARE with prepared cannabis product(s) manufactured by a facility owned and operated by defendant located at 118 Cayuga St., Salinas California.

99.     When defendant Gavin Kogan agreed to supply defendants SRG / EMF WEST and Z SQUARE with prepared  cannabis product(s) to the warehouse, defendant had full knowledge of defendant SRG /EMF WEST and Z SQUARE'S plans to operate an ongoing illegal drug enterprise from the warehouse, and intended to further those efforts.

100.     In agreeing to knowingly provide prepared cannabis product(s) to SRG / EMG WEST and Z SQUARE with the intent to further SRG/EMF WEST AND Z SQUARE'S criminal activities, defendant Gavin Kogan conspired together with SRG / EMF WEST and Z SQUARE to commit felonies under the CSA in violation of 21 U.S.C. § 846, which is racketeering activity under §18 U.S.C. § 1961(1)(D).

101.     Defendant Gavin Kogan used email, mail, telephone, and other communication facilities to negotiate supplying cannabis products to SRG / EMF WEST and Z SQUARE. The criminal use of such communication facilities violates 21 U.S.C. § 843(b) and is racketeering activity under 18 U.S.C. § 1961(1)(D).

102.     Jeffery Gilles is an attorney who resides in or around Salinas California. Plaintiffs allege on information and belief that defendant Jeffery Gilles is associated and/or affiliated with defendant Gavin Kogan, and in some way, shape or form, formed agreements with defendant Gavin Kogan to invest in the manufacture and/or to supply defendants SRG, Z SQUARE, and EMF WEST with illegal manufactured cannabis products.

103.     Plaintiffs allege on belief that when defendant Jeffery Gilles made agreements with Gavin Kogan to manufacture and/or supply medical and/or recreational cannabis products to SRG, that defendant Jeffery Gilles had full knowledge that the products would be supplied to the warehouse, and that defendants SRG, Z SQUARE, and EMF WEST were engaged in a continuing criminal conspiracy to commit felonies under the CSA by continuing to cultivate and/or distribute marijuana and cannabis infused food products  from the warehouse.

104.     In agreeing to manufacture and/or supply illegal cannabis products to the warehouse, defendant Jeffery Gilles thereby intended to further the efforts of SRG, Z SQUARE, and EMF WEST to cultivate marijuana and/or distribute cannabis infused food products which are felonies under the CSA, thus defendant Jeffery Gilles conspired with those above listed defendants to commit felonies under the CSA, which is a violation of 21 § U.S.C. 846, which is racketeering activity under 18 U.S.C. § 1961(1)(D).

105.     Plaintiffs allege on information and belief that defendant Jeffery Gilles used email, mail, telephone, and other communication facilities to arrange manufacture and/or supply line to the warehouse of illegal cannabis products. The criminal use of such communication facilities violates 21 U.S.C. § 843(b), which is racketeering activity under 18 U.S.C. § 1961(1(D).

106.     Defendant Martin Schneider dba Hometown Heart can be found at 414 Lesser Street in Oakland, California, and colluded and/or conspired together with each of the other defendants to work towards the common illegal goal of growing and/or distributing illegal marijuana and marijuana derived concentrated and/or food products.

107.     When defendant Martin Schneider agreed to collude with defendants SRG / EMF WEST and Z SQUARE, by fulfilling as yet unknown duties and or working in some as yet undiscovered capacity within the warehouse, Martin Schneider knew that defendants SRG / EMF WEST and Z SQUARE were engaged in an illegal drug enterprise, and intended by defendant's work and or colluding with each of the other defendants, to further SRG / EMF and Z SQUARE's criminal marijuana business.

In agreeing to knowingly work in the warehouse with full knowledge that a criminal marijuana business was being operated therein, defendant Martin Schneider conspired together with each of the other defendants to commit felonies under the CSA in violation of 21 U.S.C. § 846, which is racketeering activity under 18 U.S.C. § 1961(1)(D). Plaintiffs allege on belief that defendant Martin Schneider used mail, email, telephone and other communication facilities to complete his agreement(s) for employ and/or assistance within the warehouse. The use of such facilities violates 21 U.S.C. § 843(b), and is racketeering activity under

CIVIL RICO-COMPLAINT FOR DAMAGES

18 U.S.C. 1961

1 | 18 U.S.C. § 1961(1)(D).

2 | 108.

3 | 109.   Defendant Ashley Peterson is employed and/or associated with defendants
4 | Jon Loevy, Michael Kanowitz, Russell Ainsworth, Richard Silverstein, Zivorad Zivanovic.
5 | When defendant Ashley Peterson made the decision to work with SRG / EMF / EMF WEST
6 | and Z SQUARE, defendant Ashley Peterson knew that each of the other defendants were
7 | operating an illegal marijuana growing and distribution business.

8 | 110.   In agreeing to knowingly provide professional services to  each of the other
9 | defendants with the intent to further the defendants' illegal marijuana growing and distribution
10 | activities, defendant Ashley Peterson conspired with each of the other

11 | defendants to commit felonies under the CSA in Violation of 21 U.S.C. § 846, which is
12 | racketeering activity under 18 U.S.C. § 1961(1)(D).

13 | 111.   Defendant Ashley Peterson is the Vice President of Effingham Medicinal Farms,
14 | and was instrumental and collaborated and/or conspired with each of the other defendants in
15 | overseeing the establishment of Clinic Effingham and the Edgewood Illinois marijuana growing
16 | and/or distributing facility(s) in the towns of Effingham and Edgewood Illinois respectively, and
17 | plaintiffs allege on belief that defendant Ashley Peterson took  part in overseeing the renovation
18 | and setup of large scale marijuana cultivation in the Oakland warehouse.

19 | 112.   Plaintiffs allege on information and belief that defendant Ashley Peterson used mail,
20 | email, telephone and other communication facilities to negotiate, maintain, and/or complete her
21 | duties and obligations to each of the other defendants while acting as Vice-President of
22 | Effingham Medicinal Farms and while establishing Clinic Effingham, and the Edgewood Illinois
23 | marijuana growing facility, and overseeing the renovation of the warehouse.  The criminal use of
24 | such communication facilities violates 21 U.S.C. § 843(b)and is racketeering activity under 18
25 | U.S.C § 1961(1)(D).

26 |
27 |
28 |

CIVIL RICO-COMPLAINT FOR DAMAGES

18 U.S.C. 1961

1    113.   Defendant Dennis Thompson is the storage facility operator/owner that did
2   business in the warehouse as a "self-storage" facility under the dba of Diversified Storage Such
3   solutions illegal cultivation "blossoming" into the present day multi party, multi state
4   conspiracy to

5    114.   Solutions. Concurrently with operating a self-storage facility, defendant Dennis
6   Thompson also operated a document storage and shredding facility in the warehouse. Plaintiffs
7   allege on
8   information and belief, that defendant Dennis Thompson also, concurrently with operating the
9   self-storage facility, was also growing marijuana in one or two of the enclosed storage units in
10   cooperation with defendant Zivorad Zivanovic.

11    115.   cultivate and distribute marijuana, set up by Defendant Dennis Thompson who
12   conspired with each of the other named defendants to set up large scale marijuana cultivation and
13   distribution of marijuana and cannabis infused food products from the warehouse, thus
14   Thompson conspired to commit felonies under the CSA which violates  21 U.S.C. § 846, which
15   is racketeering activity under 18 U.S.C. § (1961(1)(D).

16    116.   Dennis Thompson used mail, email, telephone and other forms of communication
17   to arrange his business affairs with all other herein named defendants, and DOES defendants.
18   The criminal use of such communication facilities violates 21 U.S.C. §843(b), which is
19   racketeering activity under 18 U.S.C. § 1961(1)(D).

20    117.   Defendant Nancy Snider can be found at 2125 El Manto Drive unit 3 Rancho
21   Cordova CA.95670. Plaintiffs allege on belief, that defendant Nancy Snider provides defendants
22   SRG / EMF WEST and Z SQUARE with some type of illegal marijuana concentrate and/or food
23   product in order to further SRG / EMF and Z SQUARE's criminal marijuana business
24   within the warehouse.

25    118.   When Defendant Nancy Snider  agreed to provide illegal marijuana concentrates
26   and/or other cannabis product(s) to the above named defendants, defendant Nancy Snider knew
27   that the above named defendants were operating an ongoing criminal marijuana growing and
28   distributing business from the warehouse, and intended to further those efforts. In agreeing

119.   to provide illegal marijuana concentrates and /or product(s) to the warehouse and the above named defendants, defendant Nancy Snider conspired with SRG/EMF WEST and Z SQUARE to commit felonies under the CSA in violation of 21 U.S.C § 846, which is racketeering activity under 18 U.S.C. § 1961(1)(D).

120.   Defendant Nancy Snider used mail, email, telephone and other communication facilities to complete her negotiations with the above named defendants, and/or to complete her shipping and/or mailing of illegal cannabis concentrates and/or product(s) to the warehouse. The criminal use of such communication facilities violates 21 U.S.C. § 843(b), which is racketeering activity under 18 U.S.C.  § 1961(1)(D).

121.   Defendant Ervin Yocum is a resident of the state of Illinois and the former owner of the land where the Edgewood marijuana cultivation facility  is located, which is owned by defendants Jon Loevy, Michael Kanovitz, Russell Ainsworth, Richard Silverstein, all doing business as, and referred to herein collectively as "EMF". ",   Defendant Ervin Yocum sold the land to defendant EMF contingent cn EMF obtaining Illinois State Licensing to operate a marijuana cultivation facility in Edgewood.

122.   Plaintiffs allege on belief that Ervin Yocum would only sell the land to Effingham Medicinal Farms for value in addition to obtaining a position as trustee in the marijuana cultivation business of EMF.  When defendant Ervin Yocum sold the land to  EMF, defendant Ervin Yocum had full knowledge that defendant EMF would use the land to construct an illegal marijuana cultivation facility.

123.   By agreeing to sell the land to EMF, and thereby further the criminal activities of EMF, and to thereafter become a trustee of EMF, defendant Ervin Yocum conspired with EMF to commit felonies under the CSA in violation of 21 U.S.C. § 846, which is racketeering activity under 18 U.S.C. § 1961(1)(D).

124.   Defendant Mike Williams can be found at 414 Lesser Street Oakland, CA., the warehouse. Defendant Mike Williams colluded with SRG / EMF WEST and Z SQUARE  to fulfill some role or function as yet undetermined within the warehouse.

CIVIL RICO-COMPLAINT FOR DAMAGES

18 U.S.C. 1961

125.   When he agreed to work in the warehouse with the above named defendants, defendant Mike Williams had full knowledge that all other defendants named herein were operating a criminal marijuana growing and distributing business and defendant Mike Williams intended to further those efforts.

126.   In agreeing to knowingly assist and further EMF WEST and SRG's efforts to grow and distribute marijuana, defendant Mike Williams conspired with those hereinabove named defendants to commit felonies under the CSA which is a violation of 21 U.S.C. § 846, which is racketeering activity under 18 U.S.C. § 1961(1)(D).

127.   Plaintiffs allege on belief that defendant Mike Williams used email, mail, telephone, and other communication facilities to assist/maintain/work in the warehouse and to communicate with all other defendants. The criminal use of such communication facilities violates of 21 U.S.C. § 843(b), and is racketeering activity under 18 U.S.C. § 1961(1)(D).

128.   Defendant Terah Olson can be found at 414 Lesser St., Oakland, CA. Plaintiffs allege on information and/or belief that defendant Terah Olson is one of the "Queen Pins" of the conspiracy to cultivate and/or distribute marijuana from the warehouse, and plaintiffs allege on belief that defendant Terah Olson in addition to providing funds for the purchase and/or renovation of the warehouse to increase the existing illegal growing operation, is in place in the warehouse to manage operations.

129.   To that end, plaintiffs allege on belief that defendant Terah Olson collaborated with each of the other defendants to achieve the goal of setting up the illegal enterprise of cultivation and/or distributing of marijuana and cannabis infused food products out of the warehouse. When defendant Terah Olson agreed to provide funds and or collaborate with SRG and EMF WEST to set up large scale marijuana cultivation and/or distribution from the Oakland warehouse, defendant Terah Olson conspired with SRG and EMF WEST to commit felonies under the CSA which is a violation of § 21 U.S.C. 846, which is racketeering under § 18 U.S.C. 1961(1)(D).

130.   Defendant Terah Olson used the mail, email, telephone and other communication facilities to effectuate her agreements and/or oversight of the ongoing criminal

CIVIL RICO-COMPLAINT FOR DAMAGES

18 U.S.C. 1961

1  enterprise in the warehouse, which is a violation of 18 U.S.C. 843(b), which is racketeering

2  activity under 18 U.S.C. 1961(1)(D).

3      131.    Plaintiffs allege on information and belief, that defendant DOES FINANCIAL

4  INSTITUTIONS/BANKS 1 through 10 (hereafter *"BANKS"),* have their principal places of

5  business in the following cities: Chicago Illinois, San Francisco California, Des Moines Iowa,

6  Portland Oregon, and may be located at other as yet undiscovered locations throughout the

7  United States. Each DOE *BANK* maintain accounts that belong to BEEHIVE

8  DISTRIBUTOR; BEEHIVE DISTRIBUTION, INC.; THIRD COAST INC; BAY PROPERTY

9  GROUP; BORNSTEINLAW; SRG ENZO I; SRG ENZO II; TIDEWATER TRANSPORTER;

10  Z SQUARE PROPERTIES; Z SQUARE; Z SQUARE PROPERTIES COMPANY; WES-CO

11  INC; SRG 414 LESSER LLC; SILVERSTEIN REALTY GROUP LLC., SRG MANAGER

12  LLC., THREE NYMPHS; SUNSHINE PRODUCE; EMF WEST INC;

13  BIG SHOULDERS WEST; OAKLAND MANAGER LLC; HAYDEN MANAGER LLC;

14  KEYPOINT CREDIT UNION; TD SERVICE COMPANY OF ARIZONA; OAKLAND 1852;

15  TOP SHELF MEDICINALS; CYPRESS MANUFACTURING CO. EFFINGHAM

16  MEDICINAL FARMS LLC; LOEVY & LOEVY; JESSIE STREET COLLECTIVE, LLC.,

17  AND/OR: Russell Ainsworth; Daniel Bornstein; Abigail Bornstein; Daniel Cheung; Joel

18  Feldman; Daniel Fineman; Tyler Forman; Bruce Goldstone; Gene Gorelick; Jeffery Gilles;

19  Deidra Mae Harper; Joseph Janssen; Michael Kanovitz; Gavin Kogan; Jeffery Gilles; Jon

20  Loevy; Gospa Lucik; Dianne Murphy; Terah Olson; Ashley Peterson; Dennis Thompson;

21  Martin Schneider; Richard Silverstein; Nancy Snider; Andrew Thayer; Mike Williams; Zivorad

22  Zivanovic, Dimitry Shkolnikov, and DOES 11 through 30.

23      132.    Defendant Dimitry Shkolnikov does business as either BLOOM FARMS and/or

24  BLOOM ROOM and is the chief executive officer of JESSIE STREET COLLECTIVE which

25  is a state wide, and alleged on belief, nationwide distributor of marijuana and marijuana

26  manufactured products and devices for vaping marijuana oils. Defendant uses the internet to

27  advertise its products for sale nationwide, in violation of 21 U.S.C. §843(c)(2)(A). Defendant

28  Dimitry Shkolnikov also uses the telephone, email, mail, and other forms of communication

CIVIL RICO-COMPLAINT FOR DAMAGES

18 U.S.C. 1961

facilities to effect its nationwide distribution of illegal marijuana products. Dimitry Shkolnikov
mailed marijuana products to the warehouse using mail and/or carriers, and used email, mail,
telephone and other communication facilities to effectuate its contracts with, or sales to SRG
414/Z SQUARE/EMF WEST, to provide illegal marijuana products to the warehouse. The
criminal use of communication facilities is a crime under the CSA, and is a violation of 21
U.S.C. § 843(b), which is racketeering activity under 18 U.S.C. § 1961(1)(D).

133. Defendant Dimitry Shkolnikov had full knowledge that when he filled orders
for illegal marijuana products to be shipped to the Oakland warehouse, that Defendants SRG
414, Z SQUARE, and EMF WEST intended to distribute and/or sell those illegal marijuana
products provided by Dimitry Shkolnikov in order to further defendants SRG 414/Z SQUARE
and EMF WEST's conspiracy to commit crimes under the CSA, and defendant Dimitry
Shkolnikov intended to further those efforts, thus Dimitry Shkolnikov conspired to commit
crimes under the CSA in violation of 21 U.S.C. § 846, which is racketeering activity under 18
U.S.C. §1961(1)(D).

134. Defendant Zivorad Zivanovic is a California resident and does business as
WES-CO; Z-SQUARE; Z-SQUARE PROPERTIES COMPANY. As an owner and/or key
employee of WES-CO, plaintiffs allege on information and belief that defendant Zivorad
Zivanovic  operated the illegal self-storage facility in the warehouse under the dba of Z
Square Properties, and/or Z Square Properties Company, worked in WES-CO as a designer,
with the actual intent to obfuscate the fact of the illegal self-service storage facility, operating
without benefit of fictitious business name and/or Oakland city license, and additionally was a
key player in the formation of the business plan to obtain a loan from defendant Keypoint, in
order to augment the existing illegal marijuana grow operation  in the warehouse, and to
obtain the requisite funds to both clear the warehouse of all existing tenants, in order to
thereafter renovate the warehouse to better suit the purposes of the illegal grow and/or
distribution enterprise.

135. To that end, plaintiffs allege on information and belief, that defendant Zivorad
Zivanovic is one of the King Pins of the illegal enterprise's growing operation, and

CIVIL RICO-COMPLAINT FOR DAMAGES
18 U.S.C. 1961

1    collaborated and/or conspired with each of the other defendants to work towards achieving the

2    illegal goal of establishing a major illegal marijuana cultivating and/or distributing operation

3    in and from the warehouse.

4        136.    As a King Pin in the conspiracy, defendant Zivorad Zivanovic has full

5    knowledge of all of defendants respective agreements, contracts, arrangements, and fully

6    knows and is aware of the fact that such agreements, contracts, arrangements were all done to

7    form a conspiracy to renovate the warehouse in order to begin large-scale marijuana

8    cultivation and distribution, both intrastate and interstate.

9        137.    Defendant Zivorad Zivanovic used funds, goods and services that move in

10   interstate commerce to effectuate the day to day operation of the conspiracy and to further the

11   ultimate goal of large-scale marijuana cultivation and distribution, thus defendant Zivorad

12   Zivanovic conspired with each of the other herein named defendants to commit crimes under

13   the CSA, which is a violation of 21 U.S.C. § 846, which is racketeering activity under 18

14   U.S.C. §1961(1)(D).

15       138.    Defendant Zivorad Zivanovic used mail, email, telephone, and other

16   communication facilities to effectuate contracts, vacate the warehouse of all then existing

17   tenants, to contract for tradesperson's services to renovate the warehouse, arrange financing,

18   and a myriad of other day to day happenings to further the efforts of all defendants to

19   commence large-scale marijuana cultivation in the warehouse. The criminal use of

20   communication facilities is a crime under the CSA, and is a violation of 21 U.S.C. § 843(b),

21   which is racketeering activity under 18 U.S.C. § 1961(1)(D).

22       139.    The following defendants listed below are all corporations registered in

23   California for the express purpose of setting up shell leaseholds within the warehouse, in order

24   to obtain a loan from defendant Keypoint: OAKLAND 1852, Cal. Entity No. C3846576 ,

25   filing date 12/02/2015 SUNSHINE PRODUCE, Cal. Entity No. C3851085, filing

26   date12/17/2015, THIRD COAST, INC., Cal. Entity No. C3851086, filing date 12/17/2015;

27   BEEHIVE DISTRIBUTION INC., Cal. Entity No. C3851087, file date 12/17/2015;

28   TIDEWATER TRANSPORTER INC., Cal. Entity No. C3851088, file date 12/17/2015;

CIVIL RICO-COMPLAINT FOR DAMAGES

18 U.S.C. 1961

1   BRIGHT SIDE INC, Cal. Entity No. C3851089, filing date 12/17/2015;

2   BIG SHOULDERS WEST INC., Cal. Entity No. C3852490, filing date 12/18/2015.

3          140.    Upon being recorded in the records of Alameda County, all recorded

4   documents, including the memorandums of leases, the assignment of rents for said leases, and

5   the subordination, non disturbance and attornment agreements for said leases, were all mailed

6   to SRG 414 LESSER LLC., C/O Loevy & Loevy 312 N. May Street Suite 100, Chicago

7   Illinois 60607, notwithstanding the fact that the mailing address for SRG 414 LESSER

8   LLC.,Cal. Entity No. 201532910293, filing date 11/20/2015, is 540 Frontage Road Suite 3145

9   Northfield Illinois, 60093.

10         141.    The documents referred to herein were executed by defendant Richard

11  Silverstein in Chicago, by defendant Michael Kanovitz in Chicago, by defendant Andrew

12  Thayer in Chicago, by defendant Bruce Goldstone in Chicago, by defendant Joel Feldman in

13  Chicago, by defendant Russell Ainsworth in Chicago, and by defendant Deidra Mae Harper in

14  Placer County California, all executed documents being returned and/or mailed and/or sent

15  via various forms of electronic and/or hard copy mail, thereby implicating all of the above

16  identified defendants  as violating 21 U.S.C. 843(b).

17         142.    All the above identified corporations  in paragraph 126  were set up by

18  Defendant Richard Silverstein under the direction of defendants Russell Ainsworth, Jon Loevy,

19  and Michael Kanovitz, and with the collaboration of defendants Bruce Goldstone, Andrew

20  Thayer, Diedra Mae Harper, Joel Feldman, and Does defendants, for the specific purpose

21  of establishing fraudulent shell leaseholds in the warehouse to act as, and  to legitimize

22  security for the loan provided by defendant KEYPOINT to defendant SRG 414 of 2.1 million

23  dollars to be used to renovate the warehouse to accommodate the illegal marijuana growing

24  and distribution facility.

25         143. These several fraudulent leases beginning in December of 2015 were either non-

26  existent in the warehouse well into almost a year of their stated duration, or hastily "set up"

27  sometime shortly after the beginning of May of 2016, when plaintiff  began photo-

28  documenting the interior of the warehouse and the tear down of all the existing

CIVIL RICO-COMPLAINT FOR DAMAGES

18 U.S.C. 1961

1 | storage rental units taking place therein.

2 | 144. Defendant DIVERSIFIED STORAGE SOLUTIONS (hereafter DSS) is a defunct
3 | California Business entity of unknown status. Plaintiffs allege on belief that defendant DSS was
4 | an illegally operated self service storage facility operated by both defendants Dennis Thompson
5 | and/or Zivorad Zivanovic without benefit of city of Oakland business license, in violation of
6 | California Business and Professions code 17910 and 17918 respectively, all to unjustly enrich the
7 | herein named defendants, while at the same time, obfuscating the fact of the self-service storage
8 | facility operation in order to avoid paying income taxes on such unlawfully and unjustly gained
9 | income.

10 | 145. Defendant TD SERVICE COMPANY OF ARIZONA (hereafter "TD"), acts as trustee of
11 | the loan originated by and between defendant SRG 414 LESSER LLC., and defendant
12 | KEYPOINT, the beneficiary on the loan.

13 | ## IV.

14 | ## FACTUAL ALLEGATIONS

15 | **Federal Law Prohibits the Production and Distribution of Recreational and Medical Marijuana**

16 | 146. Congress passed the CSA in 1970 as Title II of the Comprehensive Drug Abuse
17 | Prevention and Control Act. 84 Stat. 1236. Among the purposes of the CSA was to reduce drug
18 | abuse and the illegitimate traffic in controlled substances in the United States by prohibiting the
19 | unauthorized production, distribution, or possession of controlled substances.

20 | 147. When Congress passed the CSA, Congress found that "the illegal importation,
21 | manufacture, distribution, and possession and improper use of controlled substances have a
22 | substantial and detrimental effect on the health and general welfare of the American People," 21
23 | U.S.C. § 801(2), and that "a major portion of the traffic in controlled substances flows through
24 | interstate and foreign commerce," *Id.* § 801(3). The CSA seeks to address the social and
25 | economic ills caused by drug abuse and drug trafficking by prohibiting the illicit drug trade.

26 | 148. The CSA categorizes drugs according to a series of schedules, with the most
27 | dangerous falling under Schedule I. *See Id.* § 812(b). Schedule I drugs have "a high potential for
28 | abuse." *Id.* § 812(b)(1).

CIVIL RICO-COMPLAINT FOR DAMAGES

18 U.S.C. 1961

149. In enacting the CSA, Congress classified marijuana as a Schedule I drug. *Id.* § 812(c). Congress thus deemed marijuana to have a high potential for abuse. *Id.* § 812(b)(1). By classifying marijuana as a Schedule I drug, as opposed to listing it on a lesser schedule, Congress made the manufacture, distribution, or possession of marijuana a criminal offense, with the sole exception being use of the drug as part of a Food and Drug Administration pre- approved research study. *Id.* §§ 823(f), 841(a)(1), 844(a).

150. The large-scale manufacture and distribution of marijuana is a serious felony under the CSA. A first time offender convicted of producing or distributing 1,000 or more marijuana plants is subject to a sentence of 10 years to life imprisonment. *Id.* § 841(b)(1)(A). Growing 100 or more marijuana plants subjects the first-time offender to a sentence of 5 to 40 years imprisonment. *Id.* § 841(b)(1)(B). The cultivation and sale of smaller amounts of marijuana is punishable by maximum sentences that are in some cases as long as 20 years. *See Id.* § 841(b)(1)(C), (D). The CSA also criminalizes the possession of marijuana. Unless otherwise authorized by federal law, possession of marijuana by a first-time offender is punishable by up to 1 year imprisonment. *Id.* § 844(a).

151. In addition to its prohibitions on cultivation, sale, and possession of marijuana, the CSA also forbids a wide range of other activities connected with the operations of a marijuana business.

152. Thus, it is a crime to possess "any equipment, chemical, product, or material" with the intention of using it to manufacture marijuana, *Id.* § 843(a)(6), or to distribute any such material" with the knowledge that it will be used to manufacture marijuana, *Id.* § 843(a)(7). The CSA bars the use of a telephone, email, mail, or any other "communication facility" in furtherance of the manufacture or sale of marijuana, *Id.* § 843(b), and it is a federal crime to use the Internet to advertise the sale of marijuana, *Id.* § 843(c)(2)(A).

153. Reinvesting the proceeds from marijuana operations is also a crime, *Id.* § 854(a), as is knowingly facilitating a financial transaction involving funds derived from manufacturing and selling marijuana, 18 U.S.C. §§ 1956, 1957, 1960. It is also a crime to knowingly lease, rent, maintain, manage, or control a place where marijuana is manufactured or sold. 21 U.S.C. 856.

CIVIL RICO-COMPLAINT FOR DAMAGES

18 U.S.C. 1961

154.    Maintaining a marijuana business within 1,000 feet of a service station that sells fuel to commercial vehicles is an especially serious offense, *Id.* § 849, as is leading a group of five or more people who commit a continuing series of federal marijuana crimes, *Id.* § 848. And attempting or conspiring to commit most of those crimes is also a criminal offense. *See Id.* § 846; 18 U.S.C. §§ 1956(a)(1), 1956(h), 1957(a).

155.    These criminal prohibitions on virtually every aspect of the marijuana business make the federal policy embodied in the CSA unmistakably clear; marijuana is a dangerous drug that is banned throughout the United States. And because RICO defines most violations of the CSA as "racketeering activity", *see* 18 U.S.C. § 1961(1)(D), any business engaged in the commercial cultivation and sale of recreational and/or medical marijuana is a criminal enterprise for purposes of federal law. Those who conduct or conspire to assist such enterprises are subject to the severe criminal sanctions and civil liability that RICO imposes. *See Id.* § 1962(c), (d).

**California and the City of Oakland, and Illinois and the Towns of Effingham and Edgewood, Purport To Authorize the Production and Distribution of medical marijuana.**

156.    Despite the strict federal prohibitions on virtually every aspect of the commercial marijuana business, California and Illinois and many of their local jurisdictions have erected a marijuana regulatory regime that purports to authorize and seeks to regulate, tax, and promote those federal crimes.

157.    In 1996 California voters passed proposition 215, a medical use of marijuana initiative. Known as the Compassionate Use Act, state law was changed with the intention to ensure  patients and their primary caregivers who obtain and use marijuana for medical purposes upon recommendation of a physician would not be subject to criminal prosecution and encourage the Federal and State governments to implement a plan to provide for the safe and affordable distribution of marijuana to all patients in need of medical marijuana.

158.    In 2003, the State Legislature passed and the Governor signed Senate Bill 420 which established a voluntary program for the issuance of identification cards to qualified patients to use marijuana for medical purposes. The intent of this bill was to implement the Compassionate Use Act of 1996 in a manner that would allow qualified patients to obtain

therapeutic marijuana without fear of arrest and prosecution. The bill also authorized qualified persons to form collectives so as to cultivate marijuana for medical purposes. As such, the identification card immunized a cardholder from unnecessary arrest and prosecution for possession, transportation and cultivation of marijuana for medical purposes.

159.   Presently, the California Department of Public Health (CDPH) administers the voluntary Medical Marijuana Identification Card Program (MMICP) and issues State-authorized medical marijuana identification cards. CDPH maintains a registry database for verification of qualified patients and their primary care givers.

160.   The State Attorney's General's Office provides guidelines for the security and non-diversion of marijuana grown for medical use. In 2005, the State Legislature passed three bills, Assembly Bills 243 and 266 and Senate Bill 643 that create a licensing and regulatory framework for medical marijuana.

161.   Known as the Medical Marijuana Regulation & Safety Act (MMRSA), the Act established a statewide regulatory scheme to be headed by the new Bureau of Medical Marijuana Regulation within the Department of Consumer Affairs, (DCA).

162.   Although the State will issue licenses, the Act provides for a system of dual licensing: The State will issue licenses and local governments will issue permits to operate medical marijuana enterprises. At present, the DCA anticipates that regulations will be developed by January of 2018.

163.   In November 2016, California passed Proposition 64, the Adult Use of Marijuana Act, which legalizes marijuana under state law, for use by adults 21 or older; imposes state taxes on sales and cultivation; provides for industry licensing and establishes standards for marijuana products; and allows for regulation and taxation.

164.   Though medical marijuana was legalized by Proposition 215, and adult use of recreational marijuana by Proposition 64, neither Proposition 215 nor Prop. 64 supersede federal law. Under federal law marijuana remains illegal.

CIVIL RICO-COMPLAINT FOR DAMAGES

18 U.S.C. 1961

165.    Californians believe by their voting to legalize adult recreational use, that the fiscal impact on the state will be additional tax revenues ranging from high hundreds of millions of dollars to over $1 billion annually, mostly dedicated to specific purposes. What Californians failed to take into consideration when they voted to legalize recreational marijuana, was the added cost to the taxpayer base of increased use of emergency personnel, vehicles, hospitals, police, and the inevitable human tragedy associated with, an increasing amount of accidents caused by "buzzed" drivers.

166.    Proposition 64 sets forth a gamut of rules and regulations from state and local licensing, restrictions on signage along interstate highways and highways that lead to crossing state lines, as well as fines and punishment for marijuana use by minors among other things, all of which purport to make recreational use of marijuana by adults over the age of 21 "legal".

167.    As may be expected, California's efforts to promote the recreational marijuana industry will more likely than not yield substantial revenues for the state and local municipalities. For example, Oakland enacted City Ordinances 12077, 12584 and 13033 in order to implement Prop 215. California and local municipalities will thus enrich themselves by systematically authorizing, facilitating, and promoting serious federal drug crimes, and by allowing unscrupulous persons, financiers, banks, attorneys and those associated with such unscrupulous persons to lead a large percentage of the under thirty five population down the primrose path of self medicating (getting high) to the point of absurdity.

168.    Whatever the effect on state law of Propositions 215 and 64 and its implementing statutes and regulations, they do not---and cannot— repeal the federal ban on recreational marijuana or medical marijuana use or the legal liability RICO imposes on those who operate or agree to assist recreational and/or medical marijuana businesses in violation of federal law.

## The Defendants Form Racketeering Enterprises that Produce and Distribute Recreational and/or Medical Marijuana

CIVIL RICO-COMPLAINT FOR DAMAGES

18 U.S.C. 1961

169.     On December 31st 2015, defendant SRG 414 Lesser LLC., and Hayden Manager LLC., (hereafter "SRG" and "Hayden" or "SRG") acting by and through their owner defendant Richard Silverstein, executed a Deed of Trust with defendant Keypoint Credit Union (hereafter "KEYPOINT") with TD Service Company of Arizona (hereafter "TD"), as trustee on the loan, in the amount of $2,100,000 dollars to purchase and/or renovate the warehouse located at 414 Lesser Street in Oakland, California. (Hereafter "warehouse", or "Oakland warehouse"). Plaintiffs allege on information and belief that TD knew that funds provided by defendant KEYPOINT to defendant SRG 414 / defendant Richard Silverstein, and those defendants associated with SRG, Z SQUARE, and EMF WEST, would be used to purchase and/or renovate the warehouse to further defendants' criminal enterprise of setting up an illegal marijuana growing and distributing facility, and that Richard Silverstein, and all those defendants associated with Richard Silverstein would make use of the funds provided by KEYPOINT to further said enterprise.

170.     Plaintiff alleges on information and belief that defendant KEYPOINT had full knowledge that the funds provided to defendant SRG, Z SQUARE, EMF WEST, their agents, owners and/or managers, Richard Silverstein, Jon Loevy, Michael Kanowitz, and those defendants that associated and collaborated with the aforementioned, would be used to purchase and/or renovate the warehouse in order to commence an illegal marijuana growing and distribution operation/enterprise. It was understood and agreed upon by all parties to the loan transaction and their agents, that the warehouse would be used to grow and sell marijuana.

171.     Sometime shortly after SRG obtained the loan described in paragraph 55, SRG caused then warehouse manager Susan Barry-Miller to send an email to all existing warehouse tenants advising the tenants that the new owner would be keeping all the tenants, and that Estoppel Certificates had to be signed by all then current warehouse tenants.

172.     In March or April of 2016, defendant Z Square Properties Company / Zivorad Zivanovic, caused another email to be sent to the warehouse tenants, advising the tenants that the new owner had decided to clear out the warehouse of all tenants.

CIVIL RICO-COMPLAINT FOR DAMAGES

18 U.S.C. 1961

173. In May of 2016, defendant Z Square Properties Company acting through its new book keeper Dianne Murphy, emailed all the warehouse tenants 30 days notice that the warehouse had to be completely vacated. Shortly thereafter, all tenants began to vacate the warehouse.

174. By purchasing and/or renovating the warehouse to commence large-scale marijuana growing and distribution, SRG, Z Square Properties Company, WES-CO, EMF WEST and all other defendants who conspired with SRG/Richard Silverstein, Z Square and WES-CO and their respective owners/managers, all violated 21 U.S.C. § 856.

175. Furthermore, documents on file in both the state of Illinois corporate, the state of California corporate, in addition to filings in Alameda County, and commonly available news pages on the internet, in addition to other commonly available and viewable internet pages, will show that defendants named in this paragraph, as well as defendants Jon Loevy, Ashley Peterson, Russell Ainsworth, Michael Kanovitz, Joel Feldman, Daniel Fineman, Daniel Bornstein, and other defendants referred to elsewhere in this complaint agreed and conspired, in violation of 21 U.S.C. § 846, to work together to promote efforts to grow and distribute marijuana not only in and from the warehouse in Oakland, but from the grow facility in Edgewood Illinois, with distribution facility located in Effingham Illinois, known as Clinic Effingham.

176. Thus a multi-state multi-defendant conspiracy came to fruition culminating in the purchase of land and/or warehouse(s) and construction of marijuana cultivation facilities in Edgewood Illinois and Oakland California.

162. Plaintiffs allege on information and/or belief, that SRG / Richard Silverstein, Hayden Manager, KEYPOINT, TD, all used the telephone, mail, email, or other communication facilities to complete the unlawful real estate transaction between SRG, Hayden, Keypoint, Richard Silverstein, , and TD. Such use of communication facilities violates 21 U.S.C § 843(b) and is racketeering activity under 18 U.S.C. § 1961(1)(D).

163. Defendants applications to various Illinois state agencies and municipalities describes its ambitious plans to enter full force into the illicit marijuana market, by building state of the art marijuana growing facilities, and or renovating existing warehouse(s)

CIVIL RICO-COMPLAINT FOR DAMAGES

18 U.S.C. 1961

1 │ to accommodate large-scale marijuana growing operations.

2 │     164.   On or about sometime before 2015, defendants Jon Loevy, Richard Silverstein,

3 │ Michael Kanowitz, Russel Ainsworth, Joel Feldman, Daniel Fineman, Ashley Peterson, and/or

4 │ their respective agents/authorized representatives, applied for and were denied a permit from the

5 │ town of Effingham Illinois to set up a marijuana growing facility in Effingham. Being thus put

6 │ off by the town of Effingham, defendants and/or their agents / authorized representatives, then

7 │ applied to the nearby town of Edgewood for the same permit to build a marijuana growing

8 │ facility and were granted the permit.

9 │     165.   Plaintiffs allege on information and/or belief, that thereafter, defendants Jon

10 │ Loevy, Richard Silverstein, Daniel Fineman, Ashley Peterson, Joel Feldman, Michael Kanowitz,

11 │ Russell Ainsworth, and Does Financial Institutions in the state of Illinois, and/or Iowa, embarked

12 │ on a course of conduct, each defendant working in concert with each of the other defendants, to

13 │ purchase land in Edgewood and to build a state of the art marijuana growing facility in

14 │ Edgewood Illinois, with the main distribution facility to be located in Effingham Illinois, and

15 │ called Clinic Effingham.

16 │     166.   All defendants named herein, in addition to Does Financial Institutions yet to be

17 │ discovered, could carry out these plans only by operating a continuing criminal enterprise in

18 │ violation of 21 U.S.C. § 848. Furthermore, defendant's plan to grow and sell recreational and/or

19 │ medicinal marijuana would violate 21 U.S.C. § 841(a);

20 │     167.   Possessing the necessary facilities, equipment, and materials would violate 21

21 │ U.S.C. § 843(a)(6); and maintaining the premises to operate a recreational and/or medicinal

22 │ marijuana business would violate 21 U.S.C. § 856.

23 │     168.   The warehouse is located just off of Highway 880 at the corner of Lesser Street

24 │ and Tidewater Avenue, and just off of the Interstate 880 High Street Exit, which is a heavily used

25 │ truck exit for truckers heading for the end of Tidewater Avenue to a trucking company located at

26 │ the end of Tidewater Avenue. Several dozen trucks per day pass by the West facing side of the

27 │ warehouse, with many trucks often parking directly in front of the loading docks leading into the

28 │ warehouse, awaiting their turn to unload at the Tidewater Avenue trucking company.

CIVIL RICO-COMPLAINT FOR DAMAGES

18 U.S.C. 1961

169.     There is a gas station located at the High Street Exit, approximately 2,200 feet away from the warehouse.  Defendants Richard Silverstein dba SRG 414 LESSER LLC; HAYDEN MANAGER LLC, Keypoint and TD collectively entered into a Deed of Trust under which the warehouse would be used to commit numerous crimes under the CSA less than 2,500 feet from a truck stop, and that Deed of Trust violates 21 U.S.C. §§ 856 and 849.  All of those crimes are  racketeering activity under 18 U.S.C. § 1961(1)(D).

170.     Defendant Z Square Properties Company LLC owned the warehouse until December of 2015, when defendant Z Square Properties Company LLC sold the warehouse to Defendant SRG 414 Lesser LLC for the recorded amount of $3,875,000.

171.     On or about sometime subsequent to the purported sale of the warehouse, plaintiffs received an email message from then Manager Susanne Barry-Miller that the new owner would be keeping all the current tenants.

172.     Subsequent to the sale of the warehouse, defendants Z Square Properties Company that had formerly been  doing business in the warehouse as Z Square Properties continued to maintain its offices on the second floor of the warehouse.

173.     Subsequent to the purported sale of the warehouse, Plaintiffs and all other then existing tenants in the warehouse were notified to mail their rent checks to defendant Daniel Fineman, addressed to Oakland Manager LLC at 1459 18th Street # 293 San Francisco, California. Said address was later discovered to be a mail box.

174.     On or about May of 2016, plaintiffs as well as all other warehouse tenants, receive a thirty day notice to vacate the premises.

175.     All the above mentioned communications and payments of unlawfully collected rents involved the use of email, mail, telephone or other communication facilities to complete the unlawful rent collections and unlawful notices to vacate the premises. Such use of communication facilities violates 21 U.S.C. § 843(b) and is racketeering activity under 18 U.S.C. § 1961(1)(D).

CIVIL RICO-COMPLAINT FOR DAMAGES

18 U.S.C. 1961

176.   The purported sale of the property was a fraudulent "straw man" purchase set up by defendants Daniel Bornstein, Richard Silverstein, Jon Loevy, Russell Ainsworth, Michael Kanovitz, Zivorad Zivanovic, Abigail Bornstein, Keypoint Credit Union, in order to obtain loan(s) to purchase and/or renovate the warehouse, when the true intent was to obtain loans in order for defendants to be able to make payments on the mortgage note while at the same time vacating the premises of all paying tenants, while at the same time using the loan(s) to renovate the warehouse for a huge marijuana growing and distribution operation.

177.   To that end, defendants prepared fraudulent leases for non-existent lease holders to subordinate to Defendant Keypoint as security for the "purchase and/or renovation loan(s)". Plaintiffs allege on information and/or belief that defendants mentioned in this paragraph used the telephone, email, mail and other forms of communication facilities to execute the fraudulent leaseholds; and to file the leaseholders subordination agreements and the assignment of rents to Keypoint, in the County of Alameda; all in violation of 21 U.S.C. § 843(b), which is also racketeering activity under 18 U.S.C. 1961(1)(D).

178.   Plaintiffs allege on information and belief, that SRG, EFFINGHAM MEDICINAL FARMS LLC, EFM WEST, (collectively "EMF WEST") and their respective managers and/or owners and all other defendants working in concert with them, currently possess marijuana plants, equipment, and materials that they intend to use in their recreational and/or medicinal marijuana business in violation of 21 U.S.C. §§ 841(a)(1) and 843(a)(6).

179.   To pay for the Edgewood facility, the Oakland warehouse, their respective constructions and /or renovations, and its other illegal drug activities, defendants SRG/Richard Silverstein, Jon Loevy, Michael Kanovitz, Russell Ainsworth, Ashley Peterson, Joel Feldman, Daniel Fineman, Terah Olson, (collectively "EMF WEST") obtained loan(s) from defendant KEYPOINT and DOES Illinois and/or Iowa financial institutions.

180.   When they agreed to provide the necessary funding, defendants KEYPOINT and all other DOES defendant Financial Institutions/Banks had full knowledge of EMF WEST's plan to operate  ongoing illegal drug enterprise(s) and intended to further those efforts. In agreeing to knowingly provide the financing that EMF WEST needed to

CIVIL RICO-COMPLAINT FOR DAMAGES

18 U.S.C. 1961

1   operate its marijuana business with intent to further EMF WEST's criminal activities, defendants

2   DOES FINANCIAL INSTITUTIONS/BANKS conspired with EMF WEST to commit felonies

3   under the CSA in violation of 21 U.S.C. § 846, which is racketeering activity under 18 U.S.C. §

4   1961(1)(D).

5       181.   Plaintiffs allege on information and belief that EMF WEST its agents and/or

6   owners and all those who conspired with EMF WEST, KEYPOINT and all other DOES

7   FINANCIAL INTSTITUTIONS/BANKS all used the telephone, email, or other communication

8   facilities to negotiate and complete their investments in the criminal enterprise. The criminal use

9   of such communication facilities violates 21 U.S.C. § 843(b), and is racketeering activity under

10  18 U.S.C. 1961(1)(D).

11      182.   Defendant Zivorad Zivanovic currently doing business in the warehouse as Z

12  Square Properties Company and/or WES-CO, and defendant Dennis Thompson doing business

13  as Diversified Storage Solutions, had prior to the sale of the warehouse, already established small

14  grow rooms in divided units in the warehouse, and when the warehouse was sold to defendant

15  SRG 414 Lesser LLC, had full knowledge that that it was the intent of defendant SRG 414

16  Lesser LLC and EMF WEST to continue and increase the scope of the existing growing

17  operation(s) to cover and occupy the entire warehouse.

18      183.   Defendants Zivorad Zivanovic, Dennis Thompson, Dianne Murphy, Gospa

19  Lucik, Tyler Forman, who were all connected to daily warehouse management had full

20  knowledge, and each defendant mutually agreed with SRG 414 Lesser LLC,

21  Richard Silverstein, to form an enterprise each with the other, to further each defendants' efforts

22  to continue to grow and distribute marijuana within the warehouse, after the sale/transfer of the

23  warehouse to strawman buyer Richard Silverstein/SRG 414 Lesser LLC.

24  184.   When defendants named above all agreed to work towards the illegal goal of growing

25  marijuana, all defendants committed felonies under the CSA in violation of 21 U.S.C. § 846,

26  which is racketeering activity under 18 U.S.C. § 1961(1)(D).

27  185.   Over and above all, Defendant KEYPOINT knew to a certainty that the loan proceeds to

28  purchase the warehouse, were not supported by the fraudulent leaseholds. subordinated to

49

1   KEYPOINT as security for the loan(s). Plaintiffs allege on belief that KEYPOINT had full

2   knowledge, and knew to a certainty that the loan proceeds were going to be used to finance the

3   renovation of the warehouse in order to expand the illegal marijuana grow operation to fill the

4   warehouse.

5   186.   It was understood and agreed upon by all parties to the real estate transaction and

6   their agents that the warehouse at 414 Lesser Street was to be used to grow and sell medicinal

7   and/or recreational marijuana.

8   187.   Plaintiffs allege on belief that it was understood and agreed upon by all natural

9   person defendants in the caption of this complaint, that the warehouse was going to be vacated of

10  all tenants in order to expand the existing illegal marijuana growing operation therein.

11  188.   By owning, managing, leasing, renovating, and/or maintaining the warehouse for

12  use in the medicinal and/or recreational marijuana growing and/or distribution business, all

13  natural person defendants named in the caption, as well as any as yet unidentified Does

14  defendants and/or Does Financial Institutions, all violated 21 U.S.C. § 856.

15  189.   Furthermore, all natural person defendants named in the caption agreed and

16  conspired, in violation of 21 U.S.C. § 846, to work together to promote efforts to expand the

17  already existing illegal growing operation in the warehouse. Those crimes are racketeering

18  activity under 18 U.S.C § 1961(1)(D).

19  190.   Plaintiffs allege on information and belief, that defendants SRG 414 Lesser LLC;

20  Z SQUARE PROPERTIES COMPANY LLC; EMF WEST, Richard Silverstein; Zivorad

21  Zivanovic; KEYPOINT, all used the telephone, mail, email, or other communication facilities to

22  complete the unlawful real estate transaction between SRG 414 Lesser LLC., and Z SQUARE

23  PROPERTIES COMPANY LLC. The use by defendants of the above identified communication

24  facilities violates 21 U.S.C. § 843(b) and is racketeering activity under 18 U.S.C. § 1961(1)(D).

25  191.   SRG 414 LESSER LLC, and Z SQUARE PROPERTIES COMPANY LLC

26  carried out their plan to vacate the warehouse of all then current tenants in order to renovate the

27  warehouse to increase the scope and size of the illegal marijuana growing operation therein. The

28  defendants could only carry out their plans by operating a

CIVIL RICO-COMPLAINT FOR DAMAGES

18 U.S.C. 1961

1  continuing criminal enterprise in violation of 21 U.S.C. § 848. Furthermore, defendant SRG 414

2  LESSER and defendant Z SQUARE PROPERTIES COMPANY LLC plans grow and sell

3  medical and/or recreational marijuana would violate 21 U.S.C. § 841(a)(1); possessing the

4  necessary facilities, equipment, and materials would violate 21 U.S.C. § 843(a)(6); and

5  maintaining the premises to operate a medical and/or recreational marijuana business would

6  violate 21 U.S.C. § 856. All of those crimes are racketeering activity under 18 U.S.C. §

7  1961(1)(D).

8         192.    Plaintiffs allege on information and belief that SRG 414 LESSER LLC., Z

9  SQUARE PROPERTIES COMPANY LLC., EMF WEST currently possess marijuana plants,

10  equipment and materials that they intend to use, and/or are currently using to perpetuate and

11  further their goals of growing and distributing medical and/or recreational marijuana as their

12  business, in violation of 21 U.S.C. §§ 841(a)(1) and 843(a)(6).

13         193.    To pay for the building, the required renovations, and its other illegal drug

14  activities, defendant SRG 414 LESSER LLC., obtained financing from defendant KEYPOINT,

15  and on belief, plaintiffs allege that defendants Jon Loevy; Daniel Bornstein, Daniel Cheung,

16  Russell Ainsworth, Michael Kanovitz and Does 1 through 10, also provided funding and/or

17  loan(s) to further the illegal growing operation.

18         194.    By virtue of KEYPOINT's knowledge of the ongoing criminal enterprise within

19  the warehouse, and the loan(s) KEYPOINT made to SRG to expand said enterprise, KEYPOINT

20  conspired with defendants SRG., Z SQUARE, EMF WEST, and Does 1 through 10 to loan

21  monies to further the enterprise's drug crimes, thus violating 21 U.S.C. § 846, which is

22  racketeering activity under 18 U.S.C. § 1961(1)(D).

23         195.    When those above described defendants provided funds and/or loan(s), defendants

24  and each of them had full knowledge that those funds and/or loans would be used by defendants

25  SRG 414 LESSER LLC., Z SQUARE PROPERTIES COMPANY LLC., EMF WEST's plans to

26  operate an ongoing illegal drug enterprise and by providing said funds and/or loan(s), intended to

27  further those efforts. In agreeing to knowingly provide funds that SRG and EMF WEST needed

28  to operate its business with the intent to further SRG and EMF WEST's criminal activities, all

CIVIL RICO-COMPLAINT FOR DAMAGES

18 U.S.C. 1961

1  natural person defendants named hereinabove conspired with SRG and EMF WEST to commit
2  felonies under the CSA in violation of 21 U.S.C. § 846, which is racketeering activity under 18
3  U.S.C. § 1961(1)(D).

4      196.   Plaintiffs allege on information and belief, that SRG 414 LESSER LLC., Z
5  SQUARE PROPERTIES COMPANY LLC., EMF WEST, Jon Loevy, Michael Kanovitz, Daniel
6  Bornstein, Abigail Bornstein, Daniel Cheung, Russell Ainsworth, Zivorad Zivanovic, Richard
7  Silverstein, and Does 1 through 10 all used the telephone, email, or other communication
8  facilities to negotiate and complete their investments in the criminal enterprise. The criminal use
9  of such communication facilities violates 21 U.S.C. § 843(b) and is racketeering activity under
10  18 U.S.C. § 1961(1)(D).

11      197.   Defendant Dianne Murphy works for Z SQUARE PROPERTIES COMPANY
12  LLC., and WES-CO INC., and is the accountant/bookkeeper for those two businesses. Defendant
13  Dianne Murphy was one of the signatories on the fraudulent statements prepared by defendant
14  Daniel Cheung in anticipation of obtaining a TRO against plaintiff Kevin Quillinan for the
15  specific purpose of preventing plaintiff from photo documenting events occurring in the
16  warehouse during the months of May and/or June of 2016, in order to prevent plaintiff from
17  gathering evidence of the ongoing marijuana growing conspiracy. On information and belief,
18  Dianne Murphy maintains Z SQUARE'S and WES-CO'S books and records and prepares their
19  respective tax returns.

20      198.   As the accountant for those two businesses defendant  is compensated for her
21  work and is aware of Z SQUARE'S and WES-CO's numerous violations of the CSA and its plans
22  to operate an ongoing criminal enterprise in the warehouse.

23      199.   By agreeing to provide accounting services to WES-CO and Z SQUARE, and to
24  sign a fraudulently prepared statement in anticipation of gaining a TRO against plaintiff, and
25  thereby further Defendant SRG 414 and Z SQUARE/WES-CO'S criminal activities, Dianne
26  Murphy conspired with WES-CO and Z SQUARE, Jon Loevy, Michael Kanovitz, Russell
27  Ainsworth, Richard Silverstein, Tyler Forman, Gospa Lucik, Daniel Bornstein, Daniel Cheung,
28  Daniel Fineman, Ashley Peterson, Abigail Bornstein, and Does 1 through 10 to commit

CIVIL RICO-COMPLAINT FOR DAMAGES

18 U.S.C. 1961

1   felonies under the CSA in violation of 21 U.S.C. § 846. which is racketeering activity under 18

2   U.S.C. § 1961(1)(D). Additionally Dianne Murphy as bookkeeper for WES-CO, Z SQUARE and

3   Z SQUARE PROPERTIES COMPANY, defendant was also aware that WES-CO and Z

4   SQUARE were operating an illegal self-service storage business and failing and/or refusing to

5   report income taxes gained from said illegal self-service storage business.

6       200.    On or about sometime from 2012 up through 2015, defendant KEYPOINT and

7   defendant Richard Silverstein dba as the following corporate entities: SRG 414 Lesser LLC;

8   SRG Manager LLC; Oakland Manager LLC; Oakland 1852; Hayden Manager LLC; negotiated a

9   loan of 2.1 million dollars to purchase and/or renovate the warehouse.  On information and

10  belief, as security for the loan, defendant SRG 414 LESSER LLC., and defendant Z SQUARE

11  offered to defendant KEYPOINT, between 20 and 30 estoppel agreements signed by various then

12  current warehouse tenants, plaintiff's wife Cyporette  included,  in addition to subordinating

13  seven three year fraudulent leases as security for the loan. Plaintiffs allege on information and

14  belief that defendant KEYPOINT was aware when KEYPOINT loaned the funds to SRG, that

15  the estoppels  and that at least five of the seven three year leases were in fact fraudulent; that all

16  the tenants of the warehouse would in fact be given thirty days notice to vacate at some point in

17  time, and that at least five of the three year subordinated leaseholds that were supposed to

18  establish in the warehouse, never appeared.

19      201.    In fact, subsequent to the warehouse becoming vacated of all of its prior tenants

20  on or about May through June of 2016, the warehouse remained empty except for the illegally

21  operating existing marijuana grow rooms operated by defendants.

22      202.    Plaintiffs allege on information and belief, that Keypoint Credit Union knew

23  to a certainty that the loan funds would be used by SRG 414 LESSER LLC., and Z SQUARE to

24  expand the illegal marijuana grow operation within the warehouse, and that the loans funds

25  would be used to continue to pay the mortgage note on the loan using the loan funds, instead of

26  the mortgage loan being paid by paying tenants within the warehouse.

27      203.    On information and belief, various permits may have, or were taken out by

28  defendants which may have included permits to upgrade existing electrical wiring and/or

CIVIL RICO-COMPLAINT FOR DAMAGES

18 U.S.C. 1961

1   plumbing on the exterior and interior of the warehouse to prepare the warehouse for additional

2   electrical current draw and additional water usage for the grow operation(s).

3       204.    Plaintiffs allege on belief that each Does Tradesman that performed work on the

4   warehouse had full knowledge of the purpose of said renovations, and that the warehouse was

5   going to be used to illegally grow marijuana, and were thus aware of the purpose of the

6   renovations and the broader SRG., and Z SQUARE  EMF WEST drug conspiracy. By agreeing

7   and conspiring with WES-CO INC., SRG., Z SQUARE and EMF WEST to facilitate and/or

8   commit violations of the CSA, those as yet unidentified Tradesmen violated 21 U.S.C. § 846,

9   which is racketeering activity under 18 U.S.C. § 1961(1)(D).

10      205.    All the defendants together formed an association-in-fact enterprise for the

11  purpose of cultivating and selling medicinal marijuana at 414 Lesser Street in Oakland

12  California. To that end, they pooled their resources, knowledge, skills, and labor to achieve

13  through the enterprise efficiency in the cultivation and distribution of marijuana that none of

14  them could have achieved individually.

15      206.    All of the defendants have contractual or other relationships with each other and

16  are collaborating together to contribute to the association-in-fact enterprise's efforts to cultivate

17  and distribute medicinal and/or recreational marijuana at the warehouse and thereby engage in an

18  ongoing pattern of racketeering activity. Defendants SRG 414 LESSER LLC., Z SQUARE

19  PROPERTIES COMPANY LLC., KEYPOINT CREDIT UNION, EMF WEST, Richard

20  Silverstein, Jon Loevy, Michael Kanovitz, Russell Ainsworth, Dianne Murphy, Gospa Lucik,

21  Daniel Bornstein, and Daniel Cheung, and Does 1 through 10, all directly or indirectly

22  participated in the financial transactions through which SRG 414 LESSER LLC. , took

23  possession of the property at 414 Lesser Street in Oakland, California for the purpose of

24  violating the CSA, and all of them thus have knowledge of each other and their respective roles

25  in the enterprise.

26      207.    Defendant WES-CO INC., and/or defendant Zivorad Zivanovic in his capacity as

27  contractor for the renovation of the warehouse, and/or defendant SRG 414 LESSER LLC., /

28  Richard Silverstein, in his capacity as "owner" of the warehouse, may have signed a building

54

1    permit that includes the names of SRG 414 LESSER LLC., and/or Z SQUARE PROPERTIES

2    COMPANY LLC., and/or WES-C) Inc.

3        208.    Regardless of whether defendant(s) KEYPOINT, Dianne Murphy, Michael

4    Kanovitz, Russell Ainsworth, Daniel Bornstein, Daniel Cheung, Jon Loevy knew the *identities*

5    of all of the other members of the enterprise, each of them knows that *someone* is performing the

6    essential roles of the other defendants in furtherance of the enterprises' criminal efforts to operate

7    a medicinal and/or recreational marijuana growing and distribution business at the warehouse.

8        209.    Plaintiffs on information and belief, allege that Jon Loevy, Michael Kanovitz,

9    Russell Ainsworth, Ashley Peterson, Daniel Bornstein, Abigail Bornstein, Richard Silverstein,

10   Zivorad Zivanovic make many if not all of the enterprise's important decisions. In essence, they

11   are the King Pins of the racketeering enterprise. Each of the herein named King Pins makes

12   decisions in their respective right and capacities, whatever those rights and capacities may be, to

13   operate the Edgewood grow facility, and to effect the purchase and/or renovation of the

14   warehouse to accommodate the planned medicinal and/or recreational marijuana growing and

15   distribution operation(s). On information and belief, all herein named defendants consult with

16   Does 1 through 10 and with each of the other when making such decisions because each

17   defendant and Does 1 through 10 defendants each have provided substantial financial backing

18   and/or various types of expertise to operate the enterprise.

19       210.    Because the plan to expand the grow operation in the warehouse began with

20   Zivorad Zivanovic, Daniel Bornstein, Abigail Bornstein, Richard Silverstein, Jon Loevy, Russell

21   Ainsworth, Michael Kanovitz, Ashley Peterson, and Terah Olson, and each defendant plays

22   a key role in the decision making and controlling of the enterprise, all the within above named

23   defendants must be consulted before important modifications/renovations to the building are

24   made.

25       211.    All of the defendants agreed to participate in and assist the enterprise with full

26   knowledge of its overall aim of operating a medicinal and/or recreational marijuana grow and

27   dispensary facility in the warehouse. As set forth above, that goal could only be accomplished

28   through numerous violations of the CSA.

CIVIL RICO-COMPLAINT FOR DAMAGES

18 U.S.C. 1961

212.    Each such violation of the CSA is racketeering activity, and all of the defendants thus knew and intended that in agreeing to assist the enterprise they would help it carry out a pattern of racketeering activity.

## The RICO Defendants' Marijuana Operations Injure the Plaintiff's Business and Property

212.    Plaintiffs business and property has been injured as a direct and proximate result of Defendant's racketeering activities and conspiracy to engage in racketeering activities.

213.    The planned marijuana operation(s) at the warehouse necessitated the removal of ALL the then current rental units/tenants, plaintiff included. As a result of the notice to vacate within thirty days, and the lack of affordable available storage spaces to remove their personal and/or business property to, Plaintiffs were forced to either give away, sell at substantial and deep discounts, or dispose of several thousand dollars of business and personal property that was stored in unit 14 in the warehouse.

214.    .    Additionally, while the subject of a soon to be filed state court suit, during the time that plaintiffs were removing from the premises, defendants Dianne Murphy and/or Gospa Lucik, and/or Zivorad Zivanovic, and/or other as yet un-identified DOES defendants,  trespassed to, then converted Plaintiff's personal and business property, while concurrently, defendants Daniel Bornstein and Daniel Cheung without cause, and in derogation of California Business and Professions Code § 17910 and § 17918 respectively, filed an unlawful detainer against plaintiff, then filed and obtained a TRO against plaintiff, thus preventing plaintiff from removing the remainder of his personal and business property, and more importantly for defendants' purposes, also prevented plaintiff from further photo documenting the events occurring in the warehouse. The allegations herein pertaining to conversion of plaintiff's property is for informational purposes only, and plaintiff specifically reserves the right to bring the common law cause of action for conversion in State Court.

214.    .    Because plaintiff had to remove from the warehouse on 30 days notice, and because plaintiff could not locate alternative affordable storage facilities to fit all of

CIVIL RICO-COMPLAINT FOR DAMAGES

18 U.S.C. 1961

1  plaintiff's personal and business property, plaintiff was forced to either sell at deep discounts,
2  and/or give away, and/or dispose of several thousand dollars worth of business property, stock in
3  trade. Kevin and Cyporette are antique vendors who sell at outdoor antique markets. As a result
4  of having to relocate to alternative storage facilities, plaintiff had to move his business and
5  personal property into steel shipping containers without lighting, without electricity, and without
6  a bathroom or other convenience facility such as internet and/or 24 hour access.

7  216.  The unlawful detainer and TRO were both done to intimidate and frighten
8  plaintiffs, and to cause plaintiffs additional emotional distress over and above the stresses
9  suffered on account of having to move within 30 days of the notice to vacate, because plaintiff
10  Kevin Quillinan was photo-documenting the interior and exterior "happenings" at the warehouse.
11  The unlawful detainer followed by the TRO were done with the express intent to prevent plaintiff
12  Kevin Quillinan from further photo-documenting the renovation(s) taking place in the
13  warehouse, and the fact that there were no tenants left in the warehouse, and to cause plaintiffs
14  further emotional distress. All allegations pertaining to the eviction action and TRO are for
15  informational purposes only, and are not intended to state a cause of action in this complaint.
16  Plaintiff reserves the right to bring any and all common law causes of action herein alluded to, in
17  State Court.

18  217.  As a direct result of defendant's conspiracy to illegally grow marijuana in the
19  warehouse, and Plaintiff's voluntary, then forced removal from their storage unit 14, Plaintiff has
20  suffered damages to his personal and business property as alleged above, in an amount to be
21  proven at trial.

22  215.  Plaintiff continues to incur additional damages in the form of additional
23  expenditures for gasoline and bridge tolls in order to access his alternative storage facilities, in
24  order to maintain operating as they did prior to losing their storage unit in the warehouse.

25  218.  Plaintiffs' alternative storage facilities located at San Lorenzo and Treasure Island,
26  have no electricity, no internet, no bathroom, and are cramped steel shipping containers, and are
27  generally unpleasant to make use of and make it exponentially difficult for plaintiffs to operate
28  out of, given that plaintiffs are both elderly and physically disabled persons.

CIVIL RICO-COMPLAINT FOR DAMAGES

18 U.S.C. 1961

1    219.    Additionally, while the subject of a soon to be filed state court suit, while in the

2  process of removing from the premises once the unlawful detainer was settled, unknown

3  defendants left several bolts sticking out of the concrete floor of the warehouse where unit 31

4  was dismantled. Unit 31 was before being dismantled, in the direct path to plaintiff's unit 14 from

5  the warehouse main floor front entry. When plaintiff Cyporette Quillinan entered into the main

6  floor of the warehouse in order to open the side roll-up door, plaintiff headed for unit 14 directly

7  describing a path where the dismantled fence for unit 31 had been, and tripped over a protruding

8  bolt.  Plaintiffs allege on belief that unknown defendants left the bolts protruding from the floor

9  intentionally in order to cause plaintiffs injury.

10    220.    Since on or before January of 2011, defendants Russell Ainsworth, Jon Loevy,

11  Michael Kanovitz, Richard Silverstein, Ashley Peterson, and Does defendants, have each

12  maintained checking and/or savings and/or business accounts with various Does defendant

13  Financial Institutions in Chicago Illinois, Oakland California, San Francisco California.

14  Accordingly, plaintiffs reserve the right to name any and all financial institutions that may be

15  discovered to have serviced and/or kept any accounts in the names of any and all defendants, and

16  to name those as yet to be discovered financial institutions as defendants in any amended

17  complaint. Plaintiffs allege on information and/or belief that all Does Financial Institutions co-

18  mingled defendant's funds from each of their respective business and/or personal accounts with

19  accounts that were used to further the illegal criminal enterprise to violate the CSA by setting up,

20  and/or renovating, illegal marijuana growing and distribution facilities in both Illinois and

21  California.

22    221.   Plaintiffs allege on information and/or belief that all Does Financial Institutions

23  that keep accounts for any and all herein named defendants, knew to a certainty and were and are

24  aware that monies from an illegal marijuana business were being deposited into any such

25  accounts from any and all herein named defendants. Accordingly, any and all Does Financial

26  Institutions conspired with all defendants named in this paragraph, to assist the enterprise's drug

27  crimes, thus violating 21 U.S.C. § 846, which is racketeering activity  under 18 U.S.C. §

28  1961(1)(D).

CIVIL RICO-COMPLAINT FOR DAMAGES

18 U.S.C. 1961

222.   Since on or before May of 2016, various Does defendant trades persons have been renovating the Oakland warehouse so that it will have the facilities, equipment, and materials necessary for operating an ongoing illegal recreational and/or medical marijuana growing and distribution facility. Does defendant trades persons  worked on the warehouse with the knowledge that the warehouse was to be used for growing and/or distributing illegal marijuana, and thus by working on and renovating the warehouse, were aware of the purpose of the renovations and the broader SRG Marijuana drug conspiracy. By agreeing and conspiring with SRG to facilitate violations of the CSA, defendant Does trades persons violated 21 U.S.C. § 846, which is racketeering activity under 18 U.S.C. § 1961(1)(D).

223.   All of the defendants together formed an association-in-fact enterprise for the purpose of cultivating and selling recreational and/or medicinal marijuana at the warehouse. To that end, they pooled their resources, knowledge, skills, and labor to achieve through the enterprise efficiencies in the cultivation and distribution of marijuana that none of them could have achieved individually.

224.   All of the defendants have contractual or other relationships with each other and are collaborating together to contribute to the association-in-fact enterprise's efforts to cultivate and distribute recreational and/or medicinal marijuana at the warehouse, and thereby engage in an ongoing pattern of racketeering activity.

225.   SRG, WES-CO, Z SQUARE, Richard Silverstein, Jon Loevy, Michael Kanovitz, Russell Ainsworth, Ashley Peterson, Daniel Fineman, Daniel Bornstein, Abigail Bornstein, Bruce Goldstone, Joel Feldman, Terah Olson, Andrew Thayer, Daniel Cheung, Dennis Thompson, KEYPOINT and TD and all Does Financial Institutions, all directly or indirectly participated in the financial transactions through which SRG took possession/ownership of the warehouse at 414 Lesser Street in Oakland California for the purpose of violating the CSA, and all of them thus have knowledge of each other and their respective roles in the enterprise.

226.   Regardless of whether KEYPOINT and/or TD know the identities of all of the other members of the enterprise, each of them knows that *someone* is performing the essential roles of the other defendants in furtherance of the enterprise's criminal efforts to  operate a

59

1  recreational and/or medicinal marijuana cultivation  facility in the warehouse at 414 Lesser

2  Street.

3      227.    On or about sometime prior to December 2016, Defendants BIG SHOULDERS

4  WEST, SUNSHINE PRODUCE, BEEHIVE DISTRIBUTOR, THREE NYMPHS, EMF WEST,

5  THIRD COAST, TIDWATER TRANSPORTER, BRIGHT SIDE, INC., applied for and obtained

6  "tax certificates" from the city of Oakland business tax department for the business classification

7  of "Z CANNABIS". The several tax certificates purport to lend credibility and legality to the

8  illegal violations of the Controlled Substances Act.

9      **WHEREFORE, Plaintiffs pray for relief as set forth below.**

## CLAIMS FOR RELIEF

## COUNT I

### Violation of 18 U.S.C. § 1962(c)

**Against Defendants: SRG 414; EMF WEST; Z SQUARE; Oakland Manager LLC; Hayden Manager LLC and;  Russell Ainsworth, Richard Silverstein, Daniel Bornstein, Abigail Bornstein, Daniel Cheung, Jon Loevy, Michael Kanovitz, Ashley Peterson, Gavin Kogan, Daniel Fineman, Gospa Lucik, Dianne Murphy, Tyler Forman, Nancy Snider, Andrew Thayer, Dennis Thompson, Mike Williams, Joel Feldman, Bruce Goldstone, Gene Gorelick,  Martin Schneider, Deidra Mae Harper, Terah Olson, Joseph Janssen, Jeffery Gilles, Robert Weakley, Marko Zivanovic, Zivorad Zivanovic.**

18      228.   Plaintiffs re-allege and incorporate hereto the allegations of the preceding

19  paragraphs as though fully set forth herein. RICO creates a private right of action for "any person

20  injured in his business or property by reason of a violation of 18 U.S.C. § 1962.18 U.S.C. §

21  1964(c).

23      229.    Under 18 U.S.C. §1962(c), it is "unlawful for any person employed by or

24  associated with any enterprise engaged in, or the activities of which affect, interstate or foreign

25  commerce, to conduct or participate, directly or indirectly, in the conduct of such enterprise's

26  affairs through a pattern of racketeering activity." Each and every one of the above defendants

27  identified under Count I violated this provision of 18 U.S.C. § 1962.

28      230.    All of the Defendants formed an association-in-fact enterprise within the

meaning of 18 U.S.C § 1961(4) by establishing contractual and other relationships with each

1  other and collaborating to develop the cannabis cultivation facility in Edgewood Illinois, the
2  cannabis distribution facility, the Clinic Effingham, in Effingham Illinois, and the cannabis
3  cultivation and distribution facility within the warehouse at 414 Lesser Street in Oakland,
4  California, all effected and done for the sole purpose to cultivate and sell medicinal and/or
5  recreational marijuana. This enterprise enables the Defendants to more efficiently achieve their
6  collective purpose.

7       231.    Funding, goods and services procured by the enterprise have moved in interstate
8  commerce, the enterprise plans to sell marijuana in interstate commerce, and the enterprise's
9  operations caused plaintiffs injury in their business and to plaintiff's personal property, and
10  continue to cause plaintiffs to incur additional damages in the form of higher gasoline payments
11  bridge tolls, inconvenience and hardship associated with accessing their cramped fully packed
12  shipping container in order to access and work with their business and personal property in
13  contradistinction to how plaintiffs were used to working their business stock in trade, when
14  plaintiffs rented space in the warehouse. As a result of the negatively changed storage conditions,
15  plaintiffs continue to suffer a reduction in their ability to effectively prepare and market their
16  stock in trade at the antique market(s), thus leading to loss of income all in an amount to be
17  proven at trial.

18       232.    SRG 414 Lesser LLC, Z Square Properties Company, Effingham Medicinal
19  Farms LLC., EFM WEST, Richard Silverstein, Jon Loevy, Russell Ainsworth, Michael Kanovitz,
20  Terah Olson, Daniel Bornstein, Abigail Bornstein, Ashley Peterson, Zivorad Zivanovic,
21  (collectively referred to in this Count as "EFM WEST") and the remaining defendants identified
22  under Count I each has some part in directing the enterprise's affairs. Richard Silverstein applied
23  for tax certificates from the city of Oakland for the various leases in the Oakland warehouse, Jon
24  Loevy applied for Illinois license/permits for the Edgewood cultivation facility, and Jon Loevy
25  also owns and controls both Effingham Medicinal Farms and  alleged on belief, also owns a
26  controlling interest in Clinic Effingham.

27       233.   Plaintiffs allege on belief, that Richard Silverstein and Jon Loevy consults with
28  John Doe 1 before making important financial decisions for the enterprise.

CIVIL RICO-COMPLAINT FOR DAMAGES

61

18 U.S.C. 1961

1   234.   Jon Loevy as owner of Effingham Medicinal Farms and Clinic Effingham,

2   and Richard Silverstein as owner of record of the Oakland warehouse, each play an important

3   role in deciding how the buildings are going to be used, and/or renovated and/or modified to

4   accommodate the enterprises' medicinal and/or recreational marijuana operations.

5   231.   EMF WEST, Jon Loevy, John Doe 1, Richard Silverstein, and each and every one

6   of the Defendants identified under Count I, have all conducted or participated in the conduct of

7   the affairs of the enterprise through a pattern of racketeering activity. They collectively entered

8   into leases, and/or purchases of real property where the Oakland warehouse will be used to

9   commit numerous crimes under the CSA less than 3,000 feet from a truck loading and offloading

10  facility, and those leases and/or purchases of real property for such use in such close proximity to

11  a truck loading/offloading facility violate 21 U.S.C. §§ 849 and 856.

12  232.   They also conspired, in violation of 21 U.S.C. § 846, to work together with the

13  rest of the enterprise for the success of EMF WEST's open-ended illegal marijuana business.

14  Plaintiffs allege on information and belief, that Defendants used communication facilities to

15  enter into their leases and/or purchase agreements and their drug conspiracy in violation of 21

16  U.S.C. 843(b).

17  233.   Plaintiffs allege on information and belief, that EMF WEST  already possess

18  marijuana and materials and goods required for the manufacture of cannabis products and /or the

19  cultivation of marijuana in violation of 21 U.S.C. § 841(a)(1) and 21 U.S.C. § 843(a)(6). All of

20  those crimes are racketeering activity under 18 U.S.C. § 1961(1)(D).

21  234.   The racketeering activity of EMF WEST has proximately damaged Plaintiff's

22  business and property. The purchase, vacating and subsequent renovation of the Oakland

23  warehouse caused Plaintiffs damages as described within the preceding paragraphs, and continue

24  to cause further monetary damages to Plaintiffs in the form of higher gasoline payments  and

25  bridge tolls.

26

27  **COUNT II**

28  **Violation of 18 U.S.C. § 1962(d)**
    **Against All Defendants**
    CIVIL RICO-COMPLAINT FOR DAMAGES

62

18 U.S.C. 1961

235.    Plaintiff re-alleges and incorporates hereto the allegations of the preceding paragraphs as though fully set forth herein.

236.    RICO creates a private right of action for any person injured in his business or property by reason of a violation of 18 U.S.C. §1962. 18 U.S.C. § 1964(c).  Under 18 U.S.C. § 1962(d), it is "unlawful for any person to conspire to violate any of the provisions of subsection (a), (b), or (c) of this section."

237.    The Defendants, for their mutual and individual profit, agreed and conspired to violate 18 U.S.C. § 1962(c) by forming an association-in-fact enterprise for the purpose of cultivating and selling recreational and/or medicinal marijuana at the Edgewood facility in Edgewood Illinois, the Clinic Effingham in Effingham Illinois, and the Oakland warehouse in Oakland California. The defendants knew that their patently unlawful scheme could only be accomplished through a pattern of racketeering activity, which entailed maintaining a premises at which marijuana is cultivated and sold, by the cultivation and sale(s) of marijuana, and possessing the goods and materials needed to cultivate and process marijuana.  All crimes under the CSA. *See, e.g.,* 21 U.S.C. §§ 841(a)(1), 843(a)(6), 856. Funding, goods, and services procured by Defendants in furtherance of their association-in-fact enterprise for the purpose of cultivating and selling medicinal and/or recreational marijuana have moved in interstate commerce, the enterprise plans to sell marijuana in interstate commerce, and the enterprise's operations have injured Plaintiff's business and personal property and continue to cause damages to Plaintiff as alleged in the preceding paragraphs.

238.    The Defendants have engaged in racketeering activity in furtherance of their conspiracy to violate 18 U.S.C. § 1962(c). All of the Defendants violated 21 U.S.C. § 846 by agreeing and conspiring to assist in the establishment of Effingham Medicinal Farms, Clinic Effingham, SRG 414, Z Square, and EMF WEST's medicinal and/or recreational marijuana business. And SRG 414, Z Square and their respective owners/agents entered into a real estate agreement to operate a medicinal and/or recreational marijuana cultivation facility and retail sales and distribution location(s) within 1,000 feet of a highly trafficked truck loading and off loading facility in violation of 21 U.S.C. §§ 856 and 849.

CIVIL RICO-COMPLAINT FOR DAMAGES

18 U.S.C. 1961

239.   Those racketeering activities directly and proximately injured Plaintiff's business and personal property. The leasing and/or subsequent purchase and complete vacating of all the tenants in the warehouse, theses Plaintiffs included, caused Plaintiffs to either sell their business and/or personal property at deep discounts, give business and/or personal property away, or just dispose of business and/or personal property for not being able to locate sufficient alternative affordable storage space on vacating the warehouse, and forced Plaintiffs to incur additional expenses in the form of higher per square foot storage payments, higher gasoline usage and payments, and bridge tolls. all in an effort to continue to operate as Plaintiffs had operated while renting space in the Oakland warehouse.

240.   Furthermore, the prospect of lost business income, higher costs of having to operate a business out of cramped, steel shipping container(s) without lighting, without electricity, without cover from the elements, without a bathroom, paying higher gasoline costs and bridge tolls, is exponentially daunting for two physically disabled elderly folks such as Plaintiffs. Plaintiffs have even considered having to give up their antique vending business due to the increased hardships presented by their current storage situation, all caused as a direct and proximate result of Defendant's racketeering activities alleged of herein.

# COUNT III

### Violation of 18 U.S.C. § 1962(c)
### Against all Natural Person Defendants in the Caption of this Complaint, DOES 11 through 30, and the below California and Illinois Corporations/Business Entities Identified in Paragraphs 244-245 and the Caption of this Complaint

241.   RICO creates a private right of action for "any person injured in his business or property by reason of a violation of 18 U.S.C. § 1962." 18 U.S.C. § 1964(c). Under 18 U.S.C. § 1962(c), it is "unlawful for any person employed by or associated with any enterprise engaged in, or the activities of which affect, interstate or foreign commerce, to conduct or participate, directly or indirectly, in the conduct of such enterprise's affairs through a pattern of racketeering activity or collection of unlawful debt." The below listed defendants among others, and DOES yet to be identified, violated 18 U.S.C. § 1962(c).

CIVIL RICO-COMPLAINT FOR DAMAGES

64

18 U.S.C. 1961

242. Defendants Richard Silverstein; Jon Loevy, Michael Kanowitz, Joel Feldman, Russell Ainsworth, Daniel Bornstein, Abigail Bornstein, Zivorad Zivanovic, Joseph Janssen, Ari Levy, Matt Estep, Benjamin Kovler, Robert Weakley, Gavin Kogan, Daniel Cheung, Jeffery Gilles, Mark Ainsworth, Ashley Peterson, Terah Olson, Daniel Fineman, Bruce Goldstone, Andrew Thayer, Dimitry Shkolnikov, and any other natural person defendants identified in the caption of this complaint, along with DOES 10 through 30.

243. An "enterprise" for purposes of RICO "includes any . . . partnership, corporation, association, or other legal entity." 18 U.S.C. § 1961(4).

244. SRG 414 Lesser LLC;  Cypress Manufacturing Company;  Legal One;  Keypoint Credit Union;  Z Square Properties Company, LLC; WES-CO, Inc.; Beehive Distribution Inc.; 710 Combinator Company;  EMF West Inc;  Grupo Flor Corporation; Indus Holding Company, **are all California Corporations,** thus they are all RICO "enterprises."

245. Oakland Manager LLC; Hayden Manager, LLC; Effingham Medicinal Farms, LLC; Clinic Effingham; Clinic Mundelein, LLC; Green Thumb Industries; GTI-Clinic Illinois Holdings, LLC; GTI II LLC; GTI Investors, LLC; GTI Mundelein, LLC; GTI Rock Island, LLC; GTI Rock Island Partners, LLC;  GTI Mundelein Partners,  LLC., JESSIE STREET COLLECTIVE, LLC., **are all Illinois corporations,** thus they are all RICO "enterprises".

246. Defendant Richard Silverstein is the owner of SRG 414 Lesser LLC., among other California and Illinois corporate entities. He therefore has a role in directing its affairs.

247. Richard Silverstein has conducted or participated in the conduct of the affairs of SRG 414 Lesser LLC., through a pattern of racketeering activity. On information and belief, Richard Silverstein already possesses marijuana plants and equipment and materials for growing marijuana that he intends to use in his recreational and/or medicinal marijuana business in violation of 21 U.S.C. §§ 841(a) and 843(a)(6).

248. Richard Silverstein has used the internet, telephone, email, mail, and other communication facilities to take steps in furtherance of SRG 414's drug related activities  in violation of 21 U.S.C. § 843(b). He agreed to purchase a warehouse where marijuana is to be cultivated and sold at 414 Lesser Street in Oakland, within 1,000 feet of a truck loading and

CIVIL RICO-COMPLAINT FOR DAMAGES

18 U.S.C. 1961

1 unloading facility, in violation of 21 U.S.C. §§ 856 and 849. In fact, semi-trucks regularly park
2 in long lines at the side of the warehouse on Tidewater Avenue, waiting to either load, or unload
3 at truck facilities located at the end of Tidewater Avenue.

4     249.    Richard Silverstein agreed and conspired with the other defendants to violate
5 numerous provisions of the CSA by growing and selling marijuana in violation of 21 U.S.C. §
6 846. All of these crimes are racketeering activity under 18 U.S.C § 1961(1)(D).

7     250.    Funding, goods, and services procured by Richard Silverstein for SRG 414 have
8 moved in interstate commerce, SRG 414 plans to sell marijuana in interstate commerce, and
9 SRG 414's operations have injured, and continue to injure plaintiff's business.

10     251.    Defendant Silverstein's racketeering activities directly and proximately injured
11 plaintiff's business and property. Those activities led to plaintiff having to relocate his business
12 and personal property to inferior storage facilities, adding burden, costs, and additional travel
13 time to plaintiff's methods of operation, resulting in a loss of revenue and business and personal
14 property.

15

16 <center>**COUNT IV**</center>

17 <center>**Violation of 18 U.S.C. § 1962(d)**</center>
18 <center>**Against all Defendants and Does Banks/Financial Institutions 1 Through 10.**</center>

19     252.    Plaintiff re-alleges and incorporates hereto the allegations of the preceding
20 paragraphs as though fully set forth below.

21     253.    RICO creates a private right of action for "any person injured in his business or
22 property by reason of a violation of 18 U.S.C. § 1962."

23     254.    18 U.S.C. § 1964(c). Under 18 U.S.C. § 1962(d),  it is "unlawful for any person to
24 conspire to violate any of the provisions of  subsection (a), (b), or (c) of this section." All natural
25 person defendants, all DOES financial institutions/banks, and all DOES natural person
26 defendants, directly associated with defendants Richard Silverstein, Jon Loevy, Zivorad
27 Zivanovic, identified in the caption of this complaint, and Keypoint Credit Union and TD
28 Service Company of Arizona, agreed and conspired to violate 18 U.S.C. § 1962(c).

<center>CIVIL RICO-COMPLAINT FOR DAMAGES</center>
<center>18 U.S.C. 1961</center>

255.    An "enterprise" for purposes of RICO "includes any...partnership, corporation, association, or other legal entity." 18 U.S.C. § 1961(4). All business entities identified in Count III of this complaint above, are either California or Illinois corporations and /or Limited Liability Companies, thus combined, they are RICO "enterprises".

256.    Funding, goods, and services procured by defendants for SRG 414, EMF WEST and those other previously identified business entities, for the purpose of cultivating and/or distributing marijuana have moved in interstate commerce, those above identified businesses intend to sell marijuana in interstate commerce, and those business entities directly and/or indirectly injured plaintiff's business and/or personal property.

257.    All defendants are each associated with SRG 414, EMF WEST, Z SQUARE, and agreed to help each of those defendants establish and operate a recreational and/or medicinal marijuana cultivation facility at the Oakland warehouse.

258.    All defendants each understood that their collective efforts to establish and operate the recreational and/or medicinal marijuana operations at the Oakland warehouse could only be accomplished through a pattern of racketeering activity. Specifically, all understood and agreed that defendant Richard Silverstein, Jon Loevy, Zivorad Zivanovic, and those defendants directly and indirectly associated therewith, would violate the CSA by cultivating recreational and/or medicinal marijuana and selling it, in violation of 21 U.S.C. § 841(a), by possessing the equipment and materials necessary for marijuana cultivation, *id.* § 843(a)(6), and maintaining the Oakland warehouse as a location for cultivating and distributing recreational and/or medicinal marijuana and cannabis infused food product(s), less than 1,000 feet from a truck stop, *id.* §§ 856, 849. Each of those crimes is racketeering activity, and together they form a pattern.

259.    Racketeering activities undertaken in furtherance of the conspiracy among all other defendants with Defendants Richard Silverstein, Jon Loevy, Zivorad Zivanovic, and those defendants associated directly and indirectly with them, have injured plaintiff's business and personal property. Defendants Richard Silverstein, Jon Loevy, Zivorad Zivanovic and those associated directly and/or indirectly, are maintaining the Oakland warehouse as a premises for cultivating and/or distributing and/or selling recreational and/or medicinal marijuana in violation

CIVIL RICO-COMPLAINT FOR DAMAGES

18 U.S.C. 1961

1  of 21 U.S.C. §§ 856 and 849. Richard Silverstein, Jon Loevy, Zivorad Zivanovic and those

2  directly and indirectly associated with those defendants have all agreed and conspired to violate

3  the CSA under 21 U.S.C. § 846.

4          260.  Those racketeering activities in furtherance of the conspiracy to violate 18 U.S.C.

5  § 1962(c)  has forced plaintiff to incur added burden, costs, inconvenience, loss of business and

6  personal property, in a fruitless attempt to mitigate plaintiff's decline in income from plaintiff's

7  market vending business.

8

9  <div align="center">**COUNT V**</div>

10

<div align="center">**Violation of 18 U.S.C. § 1962(c)**</div>

11  <div align="center">**Against Defendants Zivorad Zivanovic, Richard Silverstein, Jon Loevy, Michael Kanowitz,
Russell Ainsworth, Ashley Peterson, Terah Olson, Gospa Lucik, Dianne Murphy, Jeffrey**</div>

12  <div align="center">**Gilles, Gavin Kogan, Robert Weakley, Ari Levy, Matt Estep, Benjamin Kovler, Dimitry**</div>

13  <div align="center">**Shkolnikov, and DOES 11 through 30.**</div>

14          261.  Defendant Zivorad Zivanovic owned the warehouse which is within 1,000 feet

15  of a truck loading and offloading facility, and also within 2,000 feet of an interstate highway,

16  that was sold to defendant Richard Silverstein for the purpose of being renovated to begin large

17  scale marijuana cultivation and distribution into interstate commerce. Those renovation activities

18  directly interfered with plaintiff's business operations.

19          262.  Each of the defendants named above in this Count conducted or participated in

20  the renovation of the warehouse and continues to oversee the cultivation operations of SRG 414,

21  EMF WEST, Z Square, through a pattern of racketeering activity. In violation of 21 U.S.C. §§

22  856 and 849, Zivorad  Zivanovic sold the warehouse to Richard Silverstein with the intention

23  that the warehouse be used for large scale marijuana cultivation and/or distribution within 1,000

24  feet of a truck stop. And in violation of 21 U.S.C. § 846, Zivorad Zivanovic/Z Square and WES-

25  CO, and those closely associated with them, agreed to assist SRG 414/Richard Silverstein,  Jon

26  Loevy in their efforts to develop the warehouse for large scale marijuana cultivation and

27  distribution. Those crimes are racketeering activity under 18 U.S.C. § 1961(1)(D), and together

28  form a pattern.

<div align="center">CIVIL RICO-COMPLAINT FOR DAMAGES</div>

<div align="center">18 U.S.C. 1961</div>

263.   The racketeering activities undertaken by Zivorad Zivanovic/Z Square; Richard Silverstein/SRG 414; Jon Loevy, Michael Kanowitz, Russell Ainsworth, Ashley Peterson/ EMF WEST; Zivorad Zivanovic, Tyler Forman, Gospa Lucik, Dianne Murphy/WES-CO; CYPRESS MANUFACTURING/ Robert Weakley, Gavin Kogan, Jeffrey Gilles, GTI INVESTORS/Ari Levy, Matt Estep, Benjamin Kovler, and those unidentified DOES  closely associated with the defendants identified above,  have proximately injured plaintiff's business by forcing plaintiff to relocate his business and personal property, to incur additional burden, costs, time expenditures, inconvenience, in order for plaintiff to attempt to mitigate his damages, with the result that plaintiff has suffered, and continues to suffer and incur significant losses in revenue from plaintiff's antique  market vending business.

## COUNT VI.
### Violation of 21 U.S.C. § 843(c)(2)(A).
### Against Defendant Dimitry Shkolnikov

264.   21 U.S.C. § 843 (c)(2)(A) provides that " it shall be unlawful for any person to knowingly or intentionally use the Internet, or cause the Internet to be used, to advertise the sale of, or to offer to sell, distribute, or dispense, a controlled substance where such sale, distribution, or dispensing is not authorized...." Dimitry Shkolnikov used the internet as a method of advertising Bloom Farms brand cannabis infused and cannabis related products to the general public, and used the internet as a method of soliciting prospective purchasers of Bloom Farms cannabis derived, and cannabis related product. The criminal use of the internet to advertise the sale of a controlled substance is a crime under the CSA, thus defendant Dimitry Shkolnikov violated 21 U.S.C. § 843(c)(2)(A), which is racketeering activity under 18 U.S.C. § 1961(1)(D).

265.    When Defendant Dimitry Shkolnikov sold or provided cannabis infused, and cannabis related products to Richard Silverstein dba SRG, Zivorad Zivanovich dba Z SQUARE, Jon Loevy, Russell Ainsworth, Michael Kanowitz dba EMF WEST, defendant had full knowledge that SRG 414/Z SQUARE/EMF WEST would use those marijuana products in furtherance of defendant's efforts to commit crimes under the CSA, and defendant Dimitry Shkolnikov intended by said sales of marijuana products, to further those efforts, thus Dimitry

CIVIL RICO-COMPLAINT FOR DAMAGES

18 U.S.C. 1961

1  Shkolnikov committed crimes under the CSA, which is a violation of 21 U.S.C. § 846, which is

2  racketeering activity under 18 U.S.C. §1961(1)(D).

3      266.    Defendant used the telephone, mail, email, and other forms of communication to

4  form the contracts, send invoices, to sell cannabis infused, and cannabis related products, to

5  defendants named above at lines 5-7. The criminal use of such communication facilities is a

6  crime under the CSA and violates 21 U.S.C. § 843(b), which is racketeering activity under 18

7  U.S.C. § 1961(1)(D).

8  **Reservation of Rights to Bring State Court Action For Common Law Torts and Unfair Business Practices**

9      267.    Plaintiff reserves the right to bring a state Court action against defendants

10  Richard Silverstein, Daniel Bornstein, Daniel Cheung, Jon Loevy, Russel Ainsworth, Michael

11  Kanowitz, Zivorad Zivanovic, Dianne Murphy, Gospa Lucik, Tyler Forman, SRG 414 Lesser,

12  LLC., WES-CO, Inc., Z Square Properties, EMF WEST, for among other causes of action, the

13  common law torts of Trespass to Chattels; Conversion; Negligence; Wrongful Eviction, and

14  Unfair Business Practices, violation of California Business and Professions Codes 17200 et seq.

15  <div align="center">

### PRAYER FOR RELIEF
</div>

16  WHEREFORE, Plaintiff prays for an ORDER and JUDGMENT:

17  1.  Judgment for treble damages to Plaintiff's business and property that were caused by

18      Defendants' racketeering activities and conspiracies to engage in racketeering

19      activities.

20  2.  An order directed at Defendants that they Cease and Desist from engaging in any

21      further racketeering activity in violation of the CSA.

22  3.  An order that Defendants pay Plaintiff's cost of suit and reasonable fees incurred in

23      preparing this Complaint, and for bringing this action before the Court.

24  4.  Granting such other and further relief as this Court deems just and proper.

25

26  Date: January 5, 2017  Respectfully submitted by

27                  Kevin Quillinan, Pltf., in pro per

28

<div align="center">

70

CIVIL RICO-COMPLAINT FOR DAMAGES

18 U.S.C. 1961
</div>

**Plaintiff's Verification of Complaint**

I Kevin Quillinan declare, I am the plaintiff in the above titled Complaint. I prepared the complaint of my personal knowledge and information and when called, I am competent to testify to the truthfulness of the allegations in the Complaint. If I have made any allegations in the complaint based on belief, I believe those allegations to be true.

My complaint contains allegations pertaining to wrongful eviction, trespass to chattels and conversion. However, those allegations are for informational purposes only, and are not meant to in any way, shape or form to state a cause of action, or to litigate the subject matter of those causes of action within this complaint and this action. I specifically reserve my rights to bring those causes of action among others, before the state Court in Alameda County in a separate lawsuit.

I declare under penalty of perjury of the laws of the United States and California, that the above is true and correct, and that this declaration was executed by me on this 5th day of January of 2017 at Berkeley California.

Date: January 5th, 2017

By_____

Kevin Quillinan, plaintiff in pro per.
PO. Box 9092
Berkeley, California 94709
Cell: 510 495 9722
danlaw46@gmail.com

CIVIL RICO-COMPLAINT FOR DAMAGES

18 U.S.C. 1961

71