UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KEVIN DANIEL QUILLINAN,<br><br>Plaintiff,<br><br>v.<br><br>RUSSELL AINSWORTH, et al.,<br><br>Defendants. | Case No. 4:17-cv-00077-KAW<br><br>**ORDER GRANTING DEFENDANTS' MOTION TO EXTEND TIME TO RESPOND TO THE FIRST AMENDED COMPLAINT**<br><br>Re: Dkt. No. 16 |

On May 11, 2017, Defendants Jon Loevy, Michael Kanovitz, Russell Ainsworth, Ashley Peterson, Richard Silverstein, Bruce Goldstone, Silverstein Realty Group LLC, SRG Manager LLC, and Hayden Manager LLC filed an administrative motion to extend their time to answer or otherwise respond to the first amended complaint by 60 days. (Defs.' Mot., Dkt. No. 16.) Defendants asked Plaintiff to stipulate to the extension of time, but Plaintiff refused. (Decl. of Joel Feldman, Dkt. No. 16 at 4 ¶ 6.)

On May 15, 2017,[1] Plaintiff filed an opposition stating that the material allegations were the same as those contained in the operative complaint, and that if Defendants had wanted additional time, they should have agreed to waive service. (Pl.'s Opp'n, Dkt. No. 17 at 2.)

While Plaintiff is proceeding pro se, the Court finds that the Northern District's Guidelines for Professional Conduct are instructive in terms of how law should be practiced. Specifically, they provide that "[c]onsistent with existing law and court orders, a lawyer should agree to reasonable requests for extensions of time when the legitimate interests of his or her client will not

---

[1] The May 15, 2017 submission was incorrectly e-filed as an administrative motion, but appears to be identical to the correctly e-filed document on May 16, 2017. (Dkt. No. 18.) Thus, the Court will consider the May 15, 2017 opposition timely filed, and disregards the duplicate filing.

be adversely affected." (N.D. Guidelines § 4.) In the interest of professionalism, this includes requests for additional time to respond to pleadings. (*See id.* at § 4c ("Unless time is of the essence, a lawyer should agree as a matter of courtesy to first requests for reasonable extensions of time, even if the requesting counsel previously refused to grant an extension.").)

Here, there is no indication that time is of the essence despite the fact that Plaintiff's requested relief includes injunctive relief. First, not all defendants appear to have been served in this action. Second, the initial case management conference is not until August 22, 2017. Thus, Plaintiff's interests will not be adversely affected by the proposed extension.

In light of the foregoing, Defendants' request for an extension of time is GRANTED. Defendants shall file their response to the first amended complaint on or before July 10, 2017.

IT IS SO ORDERED.

Dated: June 6, 2017

KANDIS A. WESTMORE
United States Magistrate Judge