UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KEVIN DANIEL QUILLINAN,<br><br>Plaintiff,<br><br>v.<br><br>RUSSELL AINSWORTH, et al.,<br><br>Defendants. | Case No. 4:17-cv-00077-KAW<br><br>**ORDER GRANTING DEFENDANTS' MOTIONS TO DISMISS**<br><br>Re: Dkt. Nos. 35 & 43 |

On July 10, 2017 and August 7, 2017, the appearing defendants filed two motions to dismiss Plaintiff Kevin Quillinan's first amended complaint. (Defs.' 1st Mot., Dkt. No. 35; Def.'s 2d Mot., Dkt. No. 43.) The appearing defendants are represented by the same counsel, and the first set of defendants moved to join in the second motion to dismiss, which was granted. Accordingly, the Court will decide the merits of both motions in a single order.

Upon review of the moving papers, the Court finds this matter suitable for resolution without oral argument pursuant to Civil Local Rule 7-1(b), and, for the reasons set forth below, GRANTS the motions to dismiss, and dismisses the first amended complaint without leave to amend, because amendment would be futile.

## I.   BACKGROUND

Plaintiff Kevin Quillinan filed this lawsuit alleging five causes of action under Racketeer Influenced and Corrupt Organizations Act ("RICO"), 18 U.S.C. § 1961 *et seq.*, and a single cause of action under 21 U.S.C. § 843(c)(2)(A).  (First Am. Compl., "FAC," Dkt. No. 8.) Therein, Plaintiff alleges that approximately 67 individuals and corporate entities[1] engaged in an enterprise

---

[1] In sum, Plaintiff appears to be suing everyone remotely connected to the purchase of the subject warehouse and the subsequent termination of his wife's lease of unit 14.

1   to cultivate and distribute marijuana in violation of the Controlled Substances Act, which forms

2   the basis of his civil RICO claims.

3       Plaintiff is a self-described "concerned citizen[, who] . . . suffered a devastating and

4   disfiguring right leg injury resulting from being hit head on by a drunk, and/or 'stoned' driver."

5   (FAC ¶ 22.) Plaintiff further "believes that if marijuana is made lawful by the Federal

6   Government, that the amount of serious accidents caused by 'stoned' drivers will increase, with

7   the costs of such accidents to society, and to the persons injured, far outweighing any possible 'tax

8   derived benefits.'" *Id.*  Plaintiff is particularly interested in "the enforcement of federal laws

9   prohibiting the cultivation, distribution, and possession of marijuana." *Id.*  Plaintiff's wife, non-

10  party Cyporette Quillinan,[2] is also "a concerned citizen physically affected by marijuana smoke,

11  and is interested in non-smokers' rights to clean air and a clean environment." *Id.*

12      Plaintiff and his wife[3] rented a storage unit from Diversified Storage Solutions in the

13  subject warehouse, located in Oakland, California, where they paid rent regularly for

14  approximately three years. (Pl.'s 1st Opp'n at 5; *see* FAC ¶ 225-227.)  In December 2015,

15  Defendant Richard Silverstein purchased the subject warehouse. (FAC ¶171.)  Thereafter, all

16  tenants were served with notices to vacate their storage units within thirty days. (FAC ¶ 225.)

17  Plaintiff and his wife, who are antique vendors, were unable to locate a local, affordable

18  alternative storage space to accommodate their property. (FAC ¶ 226.) As a result, they were

19  "forced to [] sell at deep discounts, and/or give away, and/or dispose of several thousand dollars

20  worth of business property, stock in trade." *Id.* Furthermore, "[a]s a result of having to relocate to

21  alternative storage facilities, plaintiff had to move his business and personal property into steel

22  shipping containers without lighting, without electricity, and without a bathroom or other

23  convenience facility such as internet and/or 24 hour access." *Id.*

24      On July 10, 2017, Defendants Russell Ainsworth, Daniel Bornstein, Joel Feldman, Bruce

25  _____

26  [2] The Court notes that Plaintiff cannot represent his wife interests, even if she were a named
    plaintiff, because he is not licensed to practice law in the State of California nor is he otherwise
27  admitted to practice law in the U.S. District Court for the Northern District of California.
    [3] Defendants argue that Plaintiff was not on the lease agreement, and, therefore, lacks standing.
28  For the purposes of these motions, the undersigned will assume that Plaintiff enjoys the rights of a
    lessee.

2

Goldstone, Hayden Manager LLC, Michael Kanovitz, Jon Loevy, Dianne Murphy, Ashley Peterson, SRG 414 Lessor LLC, SRG Manager LLC, Richard Silverstein, Silverstein Realty Group LLC, and Andrew Thayer filed a motion to dismiss. (Defs.' 1st Mot., Dkt. No. 35.) Thereafter, additional defendants were served. On August 7, 2017, Daniel Cheung, Daniel Fineman, Gospa Lucik, Dimitry Shkolnikov, and Zivorad Zivanovic filed a motion to dismiss. (Def.'s 2d Mot., Dkt. No. 43.) All defendants were represented by the same counsel, and the earlier defendants moved to join the August 7, 2017 motion filed by their co-defendants, which was granted. (Dkt. No. 72.)

On August 8, 2017, Plaintiff filed an opposition to the first motion to dismiss. (Pl.'s 1st Opp'n, Dkt. No. 45.) On August 22, 2017, Plaintiff filed a consolidated opposition to both motions to dismiss, in which he incorporated by reference the first opposition. (Pl.'s 2d Opp'n, Dkt. No. 54 at 1.)

On August 14, 2017, Defendants filed a reply to the first motion to dismiss. (Def.'s 1st Reply, Dkt. No. 52.) On August 28, 2017, Defendants filed a reply to the second motion to dismiss. (Def.'s 2d Reply, Dkt. No. 59.)

## II.    LEGAL STANDARD

Under Federal Rule of Civil Procedure 12(b)(6), a party may file a motion to dismiss based on the failure to state a claim upon which relief may be granted. A motion to dismiss under Rule 12(b)(6) tests the legal sufficiency of the claims asserted in the complaint. *Navarro v. Block*, 250 F.3d 729, 732 (9th Cir. 2001).

In considering such a motion, a court must "accept as true all of the factual allegations contained in the complaint," *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (per curiam) (citation omitted), and may dismiss the case or a claim "only where there is no cognizable legal theory" or there is an absence of "sufficient factual matter to state a facially plausible claim to relief." *Shroyer v. New Cingular Wireless Servs., Inc.*, 622 F.3d 1035, 1041 (9th Cir. 2010) (citing *Ashcroft v. Iqbal*, 556 U.S. 662, 677-78 (2009); *Navarro*, 250 F.3d at 732) (internal quotation marks omitted).

Generally, if the court grants a motion to dismiss, it should grant leave to amend even if no

request to amend is made "unless it determines that the pleading could not possibly be cured by the allegation of other facts." *Lopez v. Smith*, 203 F.3d 1122, 1127 (9th Cir. 2000) (citations omitted).

### III.   DISCUSSION

Plaintiff alleges five causes of action under Racketeer Influenced and Corrupt Organizations Act ("RICO"), 18 U.S.C. § 1961 *et seq.*, and a single cause of action under 21 U.S.C. § 843(c)(2)(A).  Claims one, three, and five allege direct violations of 18 U.S.C. § 1962(c), while claims two and four allege conspiracy to commit violations pursuant to § 1962(d).

Defendants move to dismiss the first amended complaint in its entirety on the grounds that Plaintiff lacks standing. (Defs.' 1st Mot. at 7-8; Defs.' 2d Mot. at 9-10.)  In opposition, Plaintiff provides that his lawsuit

> seeks to vindicate the federal drug laws by asserting their rights under the Racketeer Influenced and Corrupt Organizations Act (RICO) 18 U.S.C. §§ 1961 et seq., and invoking this Court's equitable authority to enjoin any further law breaking by defendants as defendants continue to proceed on their course of unlawful conduct to cultivate and distribute marijuana and cannabis infused and distilled products, in violation of the Controlled Substances Act.

(Pl.'s 1st Opp'n at 3.)

### A.   Plaintiff does not have standing to bring RICO claims

Defendants move to dismiss the operative complaint on the grounds that Plaintiff does not have standing to pursue his RICO claims. (Defs.' 1st Mot. at 7-8.)  RICO focuses on "racketeering activity," which the statute defines as a number of specific criminal acts under federal and state laws. *See* 18 U.S.C. § 1961(1).  Substantive violations of RICO are defined in 18 U.S.C. § 1962.  Under § 1962(c), it is illegal for any person "to conduct or participate, directly or indirectly, in the conduct of [an] enterprise's affairs through a pattern of racketeering activity," where that enterprise affects interstate commerce.  It is also illegal for any person to conspire to do so. 18 U.S.C. § 1962(d). Civil remedies for RICO violations are contained in § 1964.

To have standing under § 1964(c), a civil RICO plaintiff must show: (1) that his alleged harm qualifies as injury to his business or property; and (2) that his harm was "by reason of" the RICO violation, which requires the plaintiff to establish proximate causation. *Holmes v. Sec.*

United States District Court
Northern District of California

*Investor Prot. Corp.*, 503 U.S. 258, 268 (1992); *Sedima, S.P.R.L. v. Imrex Co.*, 473 U.S. 479, 496 (1985); *see* 18 U.S.C. § 1964(c).

### i. Plaintiff's injury

In order to constitute a predicate act, the act must "involve conduct that is 'chargeable' or 'indictable,' and 'offense[s]' that are 'punishable,' under various criminal statutes. *Sedima*, 473 U.S. at 488 (citing 18 U.S.C. § 1961(1)). Thus, the racketeering act must be subject to criminal sanction. *Sedima*, 473 U.S. at 488. Here, Plaintiff contends that the racketeering activity is the cultivation and selling of marijuana in violation of federal law. (*See* FAC ¶ 15.) Plaintiff claims that this enterprise led to the purchase of the warehouse in Oakland, California, where he and his wife had a storage unit, where they stored personal and business property, including thousands of dollars in merchandise connected to their antiques business. (FAC ¶¶ 225-226.) The purchase of the subject warehouse ultimately led to the termination of the Quillinans' month-to-month storage facility lease. (FAC ¶ 227.) The Quillinans were unable to find a comparable storage facility within thirty days, which resulted in them selling merchandise at deep discounts, giving it away, or otherwise disposing of it. (FAC ¶¶ 225-226.)

Defendants contend that the eviction from the storage space caused Plaintiff's injury rather than the alleged racketeering acts. (Defs.' 1st Mot. at 8.) And that Plaintiff's eviction could have been terminated by any property owner, such that it is not connected to the marijuana enterprise. (Defs.' 1st Mot. at 8.) In opposition, Plaintiff concedes that "[i]t is legal and lawful, for a law abiding enterprise, which Defendants are not, to vacate a newly purchased business property for a lawful business use." (Pl.'s 2d Opp'n at 8.) Plaintiff argues that Defendant

> SRG 414 went from a purported light industrial use with a "full house" of paying storage rental tenants, to scaled up marijuana cultivation and distribution, using the proceeds of the illegal activities to pay the note on the Keypoint Deed of Trust, instead of paying the note with storage rental fees from warehouse tenants, as Defendants purported to do via the estoppels submitted to Keypoint to collateralize the loan.

*Id.* In short, Plaintiff argues that the illegality of the operation under federal law renders the otherwise legal lease termination illegal. The Court disagrees. The termination of a month-to-month storage lease does not become a criminal act purely based upon the nature of the business

5

of the entity that does it.[4]

In opposition, Plaintiff cites *Safe Streets All. v. Hickenlooper*, 859 F.3d 865, 885 (10th Cir. 2017), in support of his argument that the eviction of tenants for the purposes of cultivating marijuana is an injury under RICO. (Pl.'s 2d Opp'n at 8.) This reliance is misplaced. In *Safe Streets,* the Reillys alleged that their injuries included noxious odors emanating from the Marijuana Growers' criminal enterprise, which they could smell on their property. *Safe Streets,* 859 F.3d at 885. The plaintiffs also alleged that the ongoing enterprise diminished their property value to the foul smell, and that their property had declined in value due to the Marijuana Growers' publicly disclosed operation. *Id.* Here, the Quillinans' lease was terminated. There is no viable nuisance claim due to the marijuana cultivation itself, because Plaintiff and his wife do not have adjacent property, so they are not adversely affected by the smell. Their plight, and any loss in business revenue, is based on the lease termination, and would be the same regardless of who terminated the lease.[5] The fact that it was a marijuana enterprise is, therefore, irrelevant.

Thus, the Court finds that the harm Plaintiff and his wife suffered was caused by the eviction from the storage space rather than by any predicate acts of alleged racketeering. *See Reddy v. Litton Indus., Inc.*, 912 F.2d 291, 294 (9th Cir. 1990)(wrongful discharge was the injury suffered rather than injuries from racketeering even when plaintiff was discharged due to refusal to cover up illegal acts).

Moreover, as Defendants point out, evictions are not actionable under RICO, which also defeats Plaintiff's RICO claims. (*See* Defs' 2d. Mot. at 7.)

### ii. There is no proximate cause

Furthermore, even if the marijuana enterprise constituted a predicate act, Plaintiff cannot

---

[4] Wrongful eviction and/or termination of a lease, alone, is not a criminal act under California law, but rather, has strictly civil remedies. Federal courts do not have subject matter jurisdiction over unlawful detainer actions, but even if they did, based on the representations of the parties, Plaintiff's unlawful detainer action has already been the subject of a state court action, and cannot be adjudicated by the undersigned. (Pl.'s 1st Opp'n at 9.) Thus, the legality of the eviction is immaterial in deciding this motion, so, to the extent that Plaintiff's second opposition concerns the illegality of the conviction, those arguments will not be addressed in this order.

[5] To the extent that Plaintiff claims emotional or personal injuries, those injuries are not cognizable under § 1964(c). *See Safe Streets*, 859 F.3d at 888–89.

United States District Court
Northern District of California

plead facts to show that it was the proximate cause of his injury. A "showing that the defendant violated § 1962, the plaintiff was injured, and the defendant's violation was a 'but for' cause of plaintiff's injury" is insufficient to meet the requirement in § 1964(c) that the plaintiff's injury be "by reason of" the RICO violation. *Holmes*, 503 U.S. at 265–66. Rather, a plaintiff must also show that the defendants' RICO violation proximately caused his injury. *Id.* at 268. Thus, proximate causation requires "some direct relation between the injury asserted and the injurious conduct alleged." *Id.*

Here, even if the marijuana enterprise were to be considered to be the predicate act, the purchase of the warehouse, and the subsequent termination of the month-to-month storage lease, which led to Plaintiff and his wife having to get rid of inventory and procuring other storage space, is too attenuated, because any property owner could have elected to terminate the lease. As discussed above, Plaintiff mistakenly relies on the presumed illegality of the operation, which several steps later resulted in his lease termination and the selling of business property at a loss, because he could not obtain a desirable storage space within thirty days. *See* discussion *supra* Part IIIA.i. Since the Quillinans would have had to vacate within thirty days in the event of termination by their prior landlord or any other owner, the injury sustained was due to Plaintiff's inability to acquire another storage unit rather than the marijuana enterprise. (*See* FAC ¶ 225.) That no affordable, comparable storage units were available nearby is of no fault of the defendants, because the Quillinans' month-to-month lease did not entitle them to occupy the storage unit in perpetuity.

In light of the foregoing, Plaintiff does not have standing to allege RICO violations under § 1964(c), such that his three causes of action for direct violations of RICO and his two causes of action for conspiracy must be dismissed with prejudice, because amendment would be futile.

## B. Sixth Cause of Action for violation of 21 U.S.C. § 843(c)(2)(A) also fails

Plaintiff's sixth cause of action is against Defendant Dimitry Shkolnikov for violating 21 U.S.C. § 843(c)(2)(A). (FAC ¶¶ 278-280.) Specifically, Plaintiff claims that Mr. Shkolnikov used the internet to advertise Bloom Farms brand cannabis products. (FAC ¶ 278.)

Defendants moves to dismiss this cause of action on the grounds that there is no private

right of action for individuals to prosecute this violation. (Defs.' 2d Mot. at 9.)  Pursuant to 21

U.S.C. § 843(f)(1), "the Attorney General is authorized to commence a civil action for appropriate

declaratory or injunctive relief relating to violations of this section [§ 843]."  Despite Plaintiff's

arguments to the contrary, the Controlled Substances Act does not permit a civil action to be

brought by a private-citizen plaintiff to force compliance. *See United States v. Real Prop. &

Improvements Located at 1840 Embarcadero, Oakland, California*, 932 F. Supp. 2d 1064, 1072

(N.D. Cal. 2013) (citing *Durr v. Strickland*, 602 F.3d 788, 789 (6th Cir. 2010)).  While the Court

is sensitive to Plaintiff's opposition to marijuana generally, including the legalization thereof, the

prosecution of drug offenses cannot be left to private citizens, because the result would be utter

chaos.

Furthermore, to the extent that Plaintiff seeks to allege that this violation is a predicate act

on which to base another civil RICO claim, Plaintiff's injury is even more remote to the conduct

alleged.  Therefore, Plaintiff also lacks standing to pursue a RICO claim based on these facts.

Accordingly, Plaintiff's sixth cause of action is dismissed with prejudice.

## IV.    CONCLUSION

In light of the foregoing, Defendants' motions to dismiss are GRANTED, and Plaintiff's

first amended complaint is dismissed with prejudice against all defendants, because any

amendment would be futile.

IT IS SO ORDERED.

Dated: October 5, 2017

_____
KANDIS A. WESTMORE
United States Magistrate Judge