UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KEVIN DANIEL QUILLINAN,<br><br>    Plaintiff,<br><br>v.<br><br>RUSSELL AINSWORTH, et al.,<br><br>    Defendants. | Case No. 4:17-cv-00077-KAW<br><br>**ORDER DENYING DEFENDANTS' MOTION FOR SANCTIONS AND REQUEST TO DECLARE PLAINTIFF VEXATIOUS**<br><br>Re: Dkt. No. 50 |

On August 10, 2017, Defendants filed a motion for sanctions and requested that Plaintiff Kevin Quillinan be declared a vexatious litigant. (Defs.' Mot., Dkt. No. 50.)

Upon review of the moving papers, the Court finds this matter suitable for resolution without oral argument pursuant to Civil Local Rule 7-1(b), and, for the reasons set forth below, DENIES Defendants' motion for sanctions and their request to declare Plaintiff vexatious.

## I. BACKGROUND

The undersigned incorporates the background facts described in the order granting Defendants' motions to dismiss, which was filed concurrently with this order.

## II. DISCUSSION

Defendants seek an award of sanctions under Federal Rule of Civil Procedure 11 to recover their attorneys' fees and costs, and request that Plaintiff be declared a vexatious litigant. (Def.'s Mot. at 19.)

### A. Sanctions

Defendants argue that Plaintiff violated Federal Rule of Civil Procedure 11 by filing a factually and legally frivolous lawsuit. (Defs.' Mot. at 13.) Rule 11 imposes upon attorneys and pro se litigants a duty to certify that they have read any pleadings or motions they file with the court and that such pleadings and motions are well-grounded in fact, have a colorable basis in law,

and are not filed for an improper purpose. Fed. R. Civ. P. 11(b). If a court finds a violation of this duty, it may impose appropriate sanctions to deter similar conduct. Fed. R. Civ. P. 11(c)(1); *see also Cooter & Gell v. Hartmarx Corp.*, 496 U.S. 384, 393 (1990) ("[T]he central purpose of Rule 11 is to deter baseless filings in district court."). Whether to award sanctions under Rule 11 is within the discretion of the district court, because the awarding of such sanctions "is an extraordinary remedy, one to be exercised with extreme caution." Fed. R. Civ. P. 11(c)(1); *Operating Eng'rs Pension Trust v. A-C Co.*, 859 F.2d 1336, 1345 (9th Cir. 1988).

Here, Plaintiff alleges five causes of action under the Racketeer Influenced and Corrupt Organizations Act ("RICO"), 18 U.S.C. § 1961 *et seq.*, and a single cause of action under 21 U.S.C. § 843(c)(2)(A). (First Am. Compl., "FAC," Dkt. No. 8.) Generally, Plaintiff claims that the defendants' alleged marijuana cultivation enterprise resulted in the termination of a month-to-month storage unit lease, which eventually led to him and his wife sustaining a financial loss to their business as a result of having to vacate.

Defendants seek to recover their attorneys' fees and costs expended in defending this litigation, which they claim is an attempt at extortion. (Defs.' Mot. at 3-4, 6.) Defendants further argue that, by Plaintiff's own admission, his damages have nothing to do with the alleged racketeering. (Defs.' Mot. at 14.) The Court agrees, and dismissed Plaintiff's lawsuit with prejudice. Notwithstanding, while the Court is concerned with Defendants' descriptions of Plaintiff's pre-filing behavior, which, if true, could be grounds for Rule 11 sanctions, civil RICO is complicated, so the Court declines to impose sanctions under Rule 11.

### B. Vexatious Litigant

Defendants request that Plaintiff be declared a vexatious litigant for filing this and other purportedly harassing and frivolous lawsuits. (Defs.' Mot. at 2.) When a litigant has filed numerous harassing or frivolous lawsuits, the Court has the discretion to declare him a vexatious litigant and enter an order requiring that any future complaints be subject to an initial review before they are filed. District courts have the power to enter pre-trial filing orders against a vexatious litigant under the All Writs Act. 28 U.S.C. § 1651(a); *Molski v. Evergreen Dynasty Corp.*, 500 F.3d 1047, 1057 (9th Cir 2007). The Ninth Circuit has cautioned that "such pre-filing

orders are an extreme remedy that should rarely be used" because of the danger of "tread[ing] on a litigant's due process right of access to the courts." *Molski*, 500 F.3d at 1057. Nevertheless, such pre-filing orders may be appropriate because "[f]lagrant abuse of the judicial process . . . enables one person to preempt the use of judicial time that properly could be used to consider the meritorious claims of other litigants." *De Long v. Hennessey*, 912 F.2d 1144, 1148 (9th Cir. 1990).

Here, Defendants argue that Plaintiff has filed 30 lawsuits in state and federal court, 12 of which were filed in the last seven years. (Defs.' Mot. at 17.) While Defendants describe several cases in their motion, the Court is unable to evaluate whether the lawsuits were clearly frivolous. For example, Plaintiff's social security appeal, filed on October 19, 2011, was dismissed, because Plaintiff failed to exhaust his administrative remedies. *See* Order Granting Def.'s Mot. to Dismiss, Quillinan v. Comm'r of Soc. Sec., No. 11-cv-05136-SI (N.D. Cal. Jun. 22, 2012), ECF No. 22. Thus, at least one case cited was dismissed due to Plaintiff's ignorance of the legal process, rather than for purposefully filing a frivolous or harassing lawsuit. Moreover, in Plaintiff's declaration in support of his opposition, Plaintiff explains why he dismissed certain cases. (Decl. of Kevin Quillinan, "Quillinan Decl.," Dkt. No. 57-1 ¶¶ 2-15.) Thus, while certain cases certainly appear to lack merit and could be viewed as harassing, the record is inadequate to support the conclusion that Plaintiff's filings are so numerous or abusive that they should be enjoined. *See De Long*, 912 F.2d at 1148. The Court notes that additional information could have resulted in a different outcome, so Plaintiff is advised to be more discerning in filing lawsuits going forward.

Accordingly, the Court denies Defendants' request to declare Plaintiff a vexatious litigant.

### III. CONCLUSION

In light of the foregoing, Defendants' motion for sanctions and request to declare Plaintiff a vexatious litigant is DENIED.

IT IS SO ORDERED.

Dated: October 5, 2017

KANDIS A. WESTMORE
United States Magistrate Judge

3