UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

KEVIN QUILLINAN,

    Plaintiff,

vs.

RUSSELL AINSWORTH, et al.,

    Defendants.

Case No: C 17-00077 SBA

**ORDER TO SHOW CAUSE RE DISMISSAL AS TO UNSERVED DEFENDANTS**

Plaintiff Kevin Quillinan ("Plaintiff") initiated the instant action on January 6, 2017, Compl., Dkt. 1, and filed the operative pleading on March 20, 2017, Am. Compl., Dkt. 8. Plaintiff sued a total of 81 defendants, 15 of which were terminated with the filing of the amended complaint; thus, 66 defendants remain.

As of June 2017, Plaintiff purported to have served 15 of the defendants. Dkt. 29 ¶ 1. On June 14, 2017, Plaintiff moved to extend the time to complete service. Dkt. 29. Magistrate Judge Kandis Westmore ("Magistrate"), who was then presiding over the case, granted the motion and ordered Plaintiff to complete service by July 10, 2017. Dkt. 30.

Plaintiff failed to serve the remaining defendants by the deadline of July 10, 2017. Additionally, as to the defendants purportedly served, many of the proofs of service appear defective. In sum, of the 66 remaining defendants, only 22 have appeared to date.

## I. LEGAL STANDARD

A plaintiff is responsible for serving a summons and a copy of the complaint in the manner and within the time prescribed. Fed. R. Civ. P. 4(c)(1). "A federal court is without personal jurisdiction over a defendant unless the defendant has been served in accordance with Fed. R. Civ. P. 4." Benny v. Pipes, 799 F.2d 489, 492 (9th Cir. 1986), amended, 807 F.2d 1514 (9th Cir. 1987). So long as a party receives sufficient notice of the complaint,

Rule 4 should be "liberally construed" to uphold service. Id. (quotation marks and citations omitted). "However, neither actual notice nor simply naming the defendant in the complaint will provide personal jurisdiction without substantial compliance with Rule 4." Id. (quotation marks and citation omitted).

## II. DISCUSSION

### A. PROOF OF SERVICE

An individual may be served in a judicial district of the United States by "following state law for serving a summons in an action brought in courts of general jurisdiction in the state where the district court is located or where service is made." Fed. R. Civ. P. 4(e)(1). A corporation, partnership or other unincorporated association that is subject to suit under a common name may be served in a judicial district of the United States in the same manner. Fed. R. Civ. P. 4(h)(1)(A). "Unless service is waived, proof of service must be made to the court. Except for service by a United States marshal or deputy marshal, proof must be by the server's affidavit." Fed. R. Civ. P. 4(l)(1). Where defective, "[t]he court may permit proof of service to be amended. Fed. R. Civ. P. 4(3).

Although Plaintiff filed proofs of service for a number of defendants, many of the proofs of service appear defective.[1] See Dkt. 12, 24, 38, 39 & 58. Notably, "[a] general appearance or responsive pleading by a defendant that fails to dispute personal jurisdiction will waive any defect in service or personal jurisdiction." Benny, 799 F.2d at 492 (citing Fed. R. Civ. P. 12(h)(1)). Thus, as to those defendants who have made a general appearance and/or filed a responsive pleading, no amended proof of service is required. There are three defendants—Robert Weakley, Jeffery Gilles, and Jessie Street Collective, LLC—who have not appeared and for whom defective proofs of service have been filed, however. As to these three defendants, an amended proof of service is required, provided that service itself was proper.

---

[1] For example, Plaintiff filed several invoices purporting to show payment for process server fees. Dkt. 12. Such receipts do not constitute proper proof of service. See Fed. R. Civ. P. 4(l)(1); see also Chester v. Green, 120 F.3d 1091 (10th Cir. 1997) (holding that receipts for payment of postage did not constitute adequate proof of service).

Specifically, as to Robert Weakley and Jeffery Gilles, Plaintiff attempted substitute service under California Civil Procedure Code section 415.20(b). As to Jessie Street Collective, LLC, Plaintiff attempted substitute service under California Civil Procedure Code section 415.20(a). In California, "[w]hen substituted or constructive service is attempted, strict compliance with the letter and spirit of the statutes is required." Olvera v. Olvera, 232 Cal. App. 3d 32, 41 (1991); see also Evartt v. Sup. Ct., 89 Cal. App. 3d 795, 799 (1979) (statutory requirements "must be strictly complied with in order for jurisdiction over the person to be established by substitute means"). Here, the proofs of service for Robert Weakley and Jeffery Gilles are set forth across several documents and—whether viewed individually or collectively—are defective on their face. Dkt. 12; Dkt. 29 ¶ 4; Dkt. 38-1 & 38-2; Dkt. 39. Likewise, the proof of service for Jessie Street Collective, LLC, is defective on its face. Dkt. 38-6. Plaintiff has not demonstrated strict compliance with California Civil Procedure Code section 415.20(a) or (b), respectively. Service as to these three defendants therefore remains incomplete.

### B. DEADLINE FOR SERVICE

"If a defendant is not served within 90 days after the complaint is filed, the court--on motion or on its own after notice to the plaintiff--must dismiss the action without prejudice against that defendant or order that service be made within a specified time." Fed. R. Civ. P. 4(m); see also Crowley v. Bannister, 734 F.3d 967, 975 (9th Cir. 2013) (holding that the district court lacked jurisdiction over an unserved defendant and should have proceeded to dismiss the complaint against that defendant under Rule 4(m) before entering summary judgment). The court must extend the time for service upon a showing of "good cause." Fed. R. Civ. P. 4(m). At a minimum, good cause requires a showing of excusable neglect; it may also necessitate a showing of (a) actual notice to the defendant; (b) lack of prejudice to the defendant; and (3) severe prejudice to the plaintiff. In re Sheehan, 253 F.3d 507, 512 (9th Cir. 2001) (citing Boudette v. Barnette, 923 F.2d 784, 756 (9th Cir. 1991)).

Here, Plaintiff initiated the instant action on January 6, 2017, and filed the operative pleading on March 20, 2017. Plaintiff thereafter sought and obtained an extension of the

deadline to complete service to July 10, 2017. However, despite a considerable lapse of time—over a year from the filing of the operative pleading—Plaintiff has yet to complete service on 44 of the defendants.[2] Absent a showing of good cause for Plaintiff's failure to have completed service in a timely manner, these defendants shall be dismissed from the action without prejudice.

## III. CONCLUSION

In view of the foregoing, IT IS HEREBY ORDERED THAT Plaintiff shall show cause why the instant action should not be dismissed without prejudice as to all unserved defendants pursuant to Federal Rule of Civil Procedure 4(m). Plaintiff shall file a written response to this Order by no later than April 23, 2018. Any factual assertions in Plaintiff's response shall be supported by a declaration. Additionally, insofar as Plaintiff purports to have properly served any defendant who has not yet appeared in this action, Plaintiff shall separately file an adequate proof of service. Failure to comply with this Order will result in the dismissal of the action without prejudice as to all unserved defendants; said dismissal will be without further notice.

IT IS SO ORDERED.

Dated: 04/16/2018

*Saundra B Armstrong*
SAUNDRA BROWN ARMSTRONG
Senior United States District Judge

---

[2] The unserved defendants are: (1) Abigail Bornstein; (2) Tyler Forman; (3) Deidra Mae Harper; (4) Terah Olson; (5) Joseph Janssen; (6) Jeffery Gilles; (7) Ervin Yocum; (8) Mike Williams; (9) Dennis Thompson; (10) Nancy Snider; (11) Robert Weakley; (12) Mark Ainsworth; (13) Paul Henderson; (14) Martin Schneider; (15) Manuel Perez; (16) Beehive Distributor; (17) Beehive Distribution, Inc.; (18) Third Coast Inc.; (19) Bay PropertyGroup; (20) Legal One Realty; (21) SRG Enzo I LLC; (22) SRG Enzo II LLC; (23) Tidewater Transporter Inc.; (24) Diversified Storage Solutions; (25) Z-Square Properties Company; (26) Three Nymphs Sunshine Produce; (27) EMF West Inc.; (28) Big Shoulders West; (29) TD Service Company of Arizona; (30) Oakland 1852; (31) 710 Combinator Co.; (32) Top Shelf Medicinals; (33) Cypress Manufacturing Co.; (34) Effingham Medicinal Farms LLC; (35) Indus Holding Company; (36) Jessie Street Collective, LLC; (37) Grupo Flor Corporation; (38) Grupo Flor, LLC; (39) Grupo Flor Cultivations, LLC; (40) Grupo Flor Dispensaries, LLC; (41) Grupo Flor Operations, LLC; (42) Wes-Co Industries; (43) Evan Zane; and (44) Corina Aguilar.