UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KEVIN DANIEL QUILLINAN,<br><br>    Plaintiff,<br><br>    v.<br><br>RUSSELL AINSWORTH, et al.,<br><br>    Defendants. | Case No. 4:17-cv-00077-KAW<br><br>**ORDER DENYING MOTION FOR SANCTIONS AND REQUEST TO DECLARE PLAINTIFF VEXATIOUS**<br><br>Re: Dkt. No. 90 |

On March 28, 2018, Defendants filed a second motion for sanctions and requested that Plaintiff Kevin Quillinan be declared a vexatious litigant. (Defs.' Mot., Dkt. No. 90.)

For the reasons set forth below, the undersigned DENIES the second motion for sanctions.

## I. PROCEDURAL BACKGROUND

On August 10, 2017, Defendants filed a motion for sanctions and requested that Plaintiff Kevin Quillinan be declared a vexatious litigant. (Dkt. No. 50.) On October 5, 2018, while the undersigned found it plausible that Plaintiff's pre-filing behavior could be grounds for Rule 11 sanctions, the civil Racketeer Influenced and Corrupt Organizations Act ("RICO") statute, 18 U.S.C. § 1961 *et seq.*, is a complicated one, so the Court declined to impose sanctions. (Dkt. No. 76 at 2.) Instead, in an order filed concurrently, the Court dismissed the case with prejudice against all defendants in lieu of granting leave to amend. (Dkt. No. 75; *see* Dkt. No. 76 at 2.) The undersigned similarly denied Defendants' request to declare Plaintiff vexatious, because Defendants failed to provide sufficient information on the prior cases filed "to support the conclusion that Plaintiff's filings are so numerous or abusive that they should be enjoined." (Dkt. No. 76 at 3.) Indeed, the undersigned noted "that additional [case] information could have resulted in a different outcome, so Plaintiff is advised to be more discerning in filing lawsuits going

forward." *Id.* On October 5, 2017, the Court entered judgment against Plaintiff. (Dkt. No. 77.)

On November 15, 2017, Defendants appealed the order denying the motion for sanctions and request to declare Plaintiff vexatious. (Dkt. No. 82.) On February 27, 2018, the Ninth Circuit *sua sponte* vacated the judgment and October 5, 2017 order on the motions to dismiss and remanded the case for further proceedings in light of its recent ruling in *Williams v. King,* 875 F.3d 500, 503-504 (9th Cir. 2017), which required that all parties, including unserved defendants, consent in order for jurisdiction to vest with the magistrate judge pursuant to 28 U.S.C § 636(c)(1). (Dkt. No. 85.) The Ninth Circuit's order vacating judgment and remanding the case for further proceedings also included the case number for Defendants' appellate case. *Id.* While the Ninth Circuit's order referenced the October 5, 2017 order, of which there were two, a motion for sanctions does not require the consent of all parties, so the undersigned assumed that the Ninth Circuit was only vacating the order granting the motion to dismiss. (*See* Dkt. No. 86 at 3 n. 4.)

On March 14, 2018, the undersigned issued a report and recommendation to grant the motions to dismiss with prejudice and reassigned the case to a district judge. (Dkt. No. 86.) The case was reassigned to the Honorable Saundra Brown Armstrong. (Dkt. No. 87.)

On March 28, 2018, Defendants filed another motion for sanctions. (Defs.' Mot., Dkt. No. 90.) On April 11, 2018, Plaintiff filed a corrected opposition. (Pl.'s Opp'n, Dkt. No. 96.) On April 18, 2018, Defendants filed a reply. (Defs.' Reply, Dkt. No. 98.)

On April 11, 2018, the district court issued an order to show cause to Plaintiff regarding the dismissal of the unserved defendants. (Dkt. No. 97.) The district court noted that, despite the undersigned's deadline of July 10, 2017 to complete service, Plaintiff had failed to effectuate service on 44 defendants. *Id.* The district court, therefore, ordered Plaintiff to show cause why the unserved defendants should not be dismissed from the action without prejudice pursuant to Federal Rule of Civil Procedure 4(m). *Id.* On April 24, 2018, after Plaintiff failed to timely respond to the order to show cause, the district court issued an order dismissing the unserved defendants without prejudice. (Dkt. No. 99.) On April 25, 2018, since all remaining parties had consented to magistrate judge jurisdiction, the district court reassigned the case back to the undersigned for all purposes. (Dkt. No. 100.)

## II. INSTANT MOTION

Defendants have interpreted the Ninth Circuit's remand as including their motion for sanctions and request to declare Plaintiff vexatious, because their case number was included on the remand order. In filing this motion, Defendants incorporated their prior briefing (Dkt. Nos. 50 & 60) and all exhibits. (Defs.' Mot. at 5.) Despite filing another reply on April 18, 2018, Defendants did not include additional information regarding Plaintiff's behavior nor the merits of his prior lawsuits, despite being previously advised that more information was needed to declare him vexatious or to impose sanctions under Rule 11. Simply put, they have not met their burden. Thus, even if the remand order applied to the motion for sanctions, the undersigned must again deny the motion based on insufficient information, and hereby incorporates the October 5, 2017 order denying Defendants' first motion for sanctions and request to declare Plaintiff vexatious (Dkt. No. 76), which is attached hereto.

Accordingly, Defendants' March 28, 2018 motion for sanctions and to declare Plaintiff Kevin Quillinan a vexatious litigant is DENIED.

Notwithstanding, the Court is concerned with the rambling nature of Plaintiff's opposition to the instant motion, and he is again advised to be more discerning in filing lawsuits going forward. Furthermore, Plaintiff is cautioned against filing another lawsuit concerning this incident against any unserved defendants, who were dismissed without prejudice by the district court, because that would likely be grounds for sanctions under Rule 11 and may result in him being declared a vexatious litigant.

IT IS SO ORDERED.

Dated: May 9, 2018

KANDIS A. WESTMORE
United States Magistrate Judge

3