UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KEVIN DANIEL QUILLINAN,<br><br>Plaintiff,<br><br>v.<br><br>RUSSELL AINSWORTH, et al.,<br><br>Defendants. | Case No. 4:17-cv-00077-KAW<br><br>**ORDER DENYING PLAINTIFF'S MOTION FOR A NEW TRIAL, OR IN THE ALTERNATIVE, A MOTION FOR RECONSIDERATION**<br><br>Re: Dkt. No. 104 |

On June 2, 2018, Plaintiff Kevin Quillinan filed a motion for a new trial, or in the alternative, a motion for reconsideration of the undersigned's order dismissing the first amended complaint with prejudice. (Pl.'s Mot., Dkt. No. 104.) On June 6, 2018, Defendants filed an opposition. (Defs.' Opp'n, Dkt. No. 105.)

Since there was no trial in this case, Plaintiff cannot obtain relief under Federal Rule of Civil Procedure 59. Moreover, the Federal Rules do not recognize motions for reconsideration, but do allow a litigant to file a motion for relief from a judgment or order pursuant to Rule 60. Fed. R. Civ. P. 60. Specifically, Rule 60 provides that a party may be relieved from a final judgment or order based on "newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b)." Fed. R. Civ. P. 60(b)(2).

Here, Plaintiff argues that he

> has recently realized after gaining further information and performing more research, that plaintiff's claims may have been more properly pleaded under 18 U.S.C. 1962(a), where monies gained by named RICO defendants by illegal marijuana growing and distributing activities, was invested in real property by the named RICO defendants, resulting in damages to plaintiff by being displaced from plaintiff's business location, the subject warehouse.

(Pl.'s Mot. at 1-2.) The Court disagrees. First, there is no newly discovered evidence; only a

newly discovered theory of liability. Second, in the order granting the motion to dismiss with prejudice, the undersigned found that Plaintiff lacked standing to bring RICO claims, because his injury—the eviction from his storage space—was not caused by any predicate act of racketeering, and that there was no proximate cause, because any property owner could have elected to terminate Plaintiff's lease. (5/10/18 Order, Dkt. No. 102 at 5-8.) The alleged source of the funds used to purchase the warehouse does not change the outcome, and, even if it did, evictions are not actionable under RICO. *Id.* at 8.

According, Plaintiff's motion is DENIED. Thus, at this juncture, Plaintiff's only recourse is to file an appeal with the United States Court of Appeals for the Ninth Circuit.

IT IS SO ORDERED.

Dated: June 14, 2018

KANDIS A. WESTMORE
United States Magistrate Judge