UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KEVIN DANIEL QUILLINAN,<br>Plaintiff,<br>v.<br>RUSSELL AINSWORTH, et al.,<br>Defendants. | Case No. 4:17-cv-00077-KAW<br><br>**ORDER DENYING APPLICATION TO PROCEED IN FORMA PAUPERIS ON APPEAL AND CERTIFYING THAT APPEAL IS NOT IN GOOD FAITH**<br><br>Re: Dkt. Nos. 108 & 110 |

On May 10, 2018, the Court dismissed Plaintiff Kevin Quillinan's first amended complaint without leave to amend. On June 8, 2018, Plaintiff filed a notice of appeal to the Ninth Circuit. On June 11, 2018, Plaintiff filed an application to proceed in forma pauperis on appeal. On June 14, 2018, Defendants filed an opposition on the grounds that the appeal is frivolous. (Dkt. No. 110.)

Upon review of the moving papers, the Court finds this matter suitable for resolution without oral argument pursuant to Civil Local Rule 7-1(b), and, for the reasons set forth below, DENIES Plaintiff's application to proceed in forma pauperis ("IFP") on appeal, and CERTIFIES that any IFP appeal taken from the undersigned's May 10, 2018 order of dismissal will not be taken "in good faith" pursuant to 28 U.S.C. § 1915(a)(3).

## I. BACKGROUND

On January 6, 2017, Plaintiff Kevin Quillinan filed this lawsuit alleging five causes of action under the Racketeer Influenced and Corrupt Organizations Act ("RICO"), 18 U.S.C. § 1961 *et seq.*, and a single cause of action under 21 U.S.C. § 843(c)(2)(A). (First Am. Compl., "FAC," Dkt. No. 8.) Therein, Plaintiff alleged that approximately 67 individuals and corporate entities engaged in an enterprise to cultivate and distribute marijuana in violation of the Controlled Substances Act, which forms the basis of his civil RICO claims. Plaintiff paid the filing fee of

1 $400.00. (*See* Dkt. No. 1.)

2 On July 10, 2017, Defendants Russell Ainsworth, Daniel Bornstein, Joel Feldman, Bruce Goldstone, Hayden Manager LLC, Michael Kanovitz, Jon Loevy, Dianne Murphy, Ashley Peterson, SRG 414 Lessor LLC, SRG Manager LLC, Richard Silverstein, Silverstein Realty Group LLC, and Andrew Thayer filed a motion to dismiss. (Defs.' 1st Mot., Dkt. No. 35.) Thereafter, additional defendants were served. On August 7, 2017, Daniel Cheung, Daniel Fineman, Gospa Lucik, Dimitry Shkolnikov, and Zivorad Zivanovic filed a motion to dismiss. (Def.'s 2d Mot., Dkt. No. 43.) All defendants were represented by the same counsel, and the earlier defendants moved to join the August 7, 2017 motion filed by their co-defendants, which was granted. (Dkt. No. 72.)

On October 5, 2017, the Court granted the motions to dismiss with prejudice as to all defendants, including those who had not been served, as Plaintiff and all appearing defendants had consented to the undersigned's jurisdiction pursuant to 28 U.S.C § 636(c)(1). (Dkt. No. 75.) The Court subsequently entered judgment. (Dkt. No. 77.) On November 3, 2017, Plaintiff filed a notice of appeal. (Dkt. No. 79.) On February 27, 2018, the Ninth Circuit *sua sponte* vacated the judgment and October 5, 2017 order on the motions to dismiss and remanded the case for further proceedings in light of its recent ruling in *Williams v. King,* 875 F.3d 500, 503-504 (9th Cir. 2017), which required that all parties, including unserved defendants, consent in order for jurisdiction to vest with the magistrate judge pursuant to 28 U.S.C § 636(c)(1). (Dkt. No. 85.)

On March 14, 2018, the undersigned issued a report and recommendation to grant the motions to dismiss with prejudice and reassigned the case to a district judge. (Dkt. No. 86.) The case was reassigned to the Honorable Saundra Brown Armstrong, Senior United States District Judge. (Dkt. No. 87.)

On April 11, 2018, the district court issued an order to show cause to Plaintiff regarding the dismissal of the unserved defendants. (Dkt. No. 97.) The district court noted that, despite the undersigned's deadline of July 10, 2017 to complete service, Plaintiff had failed to effectuate service on 44 defendants. *Id.* The district court, therefore, ordered Plaintiff to show cause why the unserved defendants should not be dismissed from the action without prejudice pursuant to

Federal Rule of Civil Procedure 4(m). *Id.* On April 24, 2018, after Plaintiff failed to timely respond to the order to show cause, the district court issued an order dismissing the unserved defendants without prejudice. (Dkt. No. 99.) On April 25, 2018, since all remaining parties had consented to magistrate judge jurisdiction, the district court reassigned the case back to the undersigned for all purposes. (Dkt. No. 100.)

On May 10, 2018, the Court granted the motions to dismiss, and, on May 11, 2018, entered judgment. (Dkt. Nos. 102 & 103.)

On June 2, 2018, Plaintiff filed a motion for a new trial, or in the alternative, a motion for reconsideration of the undersigned's order dismissing the first amended complaint with prejudice. (Dkt. No. 104.) On June 6, 2018, Defendants filed an opposition. On June 14, 2018, the Court denied the motion. (Dkt. No. 109.)

On June 8, 2018, Plaintiff filed a notice of appeal to the Ninth Circuit. (Dkt. No. 107.) On June 11, 2018, Plaintiff filed an application to proceed in forma pauperis on appeal. (Dkt. No. 108.) On June 14, 2018, the defendants filed an opposition to Plaintiff's application to proceed in forma pauperis. (Dkt. No. 110.)

## II. DISCUSSION

The Court may authorize a plaintiff to file an action in federal court without prepayment of fees or security if the plaintiff submits an affidavit showing that he or she is unable to pay such fees or give security therefor. 28 U.S.C. § 1915(a). Pursuant to Federal Rule of Appellate Procedure 24(a), "a party to a district-court action who desires to appeal in forma pauperis must file a motion in the district court." Here, Plaintiff paid the initial filing fee of $400.00. Now, he contends that his savings are depleted, which is why he is applying for in forma pauperis ("IFP") status on appeal. (*See* Dkt. No. 108-1 ¶ 11.)

Pursuant to 28 U.S.C. § 1915(a)(3), "An appeal may not be taken in forma pauperis if the trail court certifies in writing that it is not taken in good faith." An appeal is in good faith where it seeks review of any issue that is nonfrivolous. *Hooker v. American Airlines*, 302 F. 3d 1091, 1092 (9th Cir. 2002) (revocation of previously-granted IFP status is appropriate where the district court finds the appeal frivolous). An issue is frivolous if it has "no arguable basis in fact or law."

3

1    *O'Loughlin v. Doe*, 920 F.2d 614, 617 (9th Cir. 1990).

2        Plaintiff's issue on appeal is "[w]hether or not I may be able to allege my causes of action under 18 USC 1962(a) instead of 18 USC 1962(c) [and] (d)." (Dkt. No. 108-1 at 1.) Plaintiff argues that he should have been permitted to amend his complaint to allege a new legal theory—namely that the unlawful investment of monies gained from the purported unlawful activity led to the damages alleged—which was not presented to the Court until after judgment was entered. (*Id.*; *see also* Dkt. No. 104.)

       In denying Plaintiff's motion for reconsideration, the Court found that reconsideration was not warranted, because "there [was] no newly discovered evidence; only a newly discovered theory of liability." (Dkt. No. 109 at 1-2.) Indeed, Plaintiff's case was dismissed with prejudice because he lacked standing to bring RICO claims, because his injury—the eviction from his storage space—was not caused by any predicate act of racketeering, and that there was no proximate cause, because any property owner could have elected to terminate Plaintiff's lease. (Dkt. No. 102 at 5-8; *see* Dkt. No. 109 at 2.) Furthermore, evictions are not actionable under RICO, and the source of funds does not change that fact. (Dkt. 102 at 8; Dkt. No. 109 at 2.) Thus, any amendment to the theory of liability would also be futile, thereby rendering the instant appeal frivolous, because there is no basis for his claims in fact or in law.

       Accordingly, the Court finds that any IFP appeal taken from the May 10, 2018 dismissal order will not be taken in "good faith" under § 1915(a)(3).

### III. CONCLUSION

For the reasons set forth above, the Court CERTIFIES that any IFP appeal from the Court's May 10, 2018 order of dismissal would not be taken "in good faith" pursuant to 28 U.S.C. § 1915(a)(3), and, therefore, Plaintiff's application to proceed in forma pauperis on appeal is DENIED.

IT IS SO ORDERED.

Dated: June 29, 2018

_____
KANDIS A. WESTMORE
United States Magistrate Judge

4